## DENDY v. WAITE.

1. MORTGAGE.—POWER OF SALE.—A mortgagee may sell the mortgaged lands when empowered so to do by the mortgage deed, and if he faithfully observes all the conditions of the power, a sale and proper conveyance thereunder will have a like operation as under a decree in equity.

2. IBID.—IBID.—DEED.—A sale, however, under such a power, though made in perfect good faith, was ineffectual to transfer the title, where the mortgagee made the deed of conveyance to the purchaser, reciting the power, but signing the deed with his own name as mortgagee.

3. IBID.—IBID.—IBID.—Nor can the courts aid or correct such a defect in the execution of this power.

4. INVALID SALE—JUNIOR MORTGAGE.—After such an attempted but invalid sale, one holding a junior mortgage on the premises is entitled to maintain an action for the foreclosure of his mortgage.

5. COSTS IN CHANCERY.—And this action being resisted by the pretended purchaser at the sale under the power, the Circuit Court, while decree-

ing to him his mortgage debt as a prior lien, properly required the costs of the action to be first paid.

6. AN EXCEPTION not considered because too general.

Before WITHERSPOON, J., Abbeville, June, 1891.

Action by Lula Dendy against W. F. Waite, F. A. Connor, and Mitchell Goggins. The main facts of the case are stated in the opinion of this court. The deed made by Connor to himself contained in its preamble the following address and recital:

"To all to whom these presents shall come. I, F. A. Connor, mortgagee, send greeting. *Whereas*, by virtue of a power of sale conferred upon me under a mortgage given by E. G. Dendy, dated January 3rd, 1884, I, the said F. A. Connor, mortgagee, after having duly advertised the premises hereinafter mentioned and described, did offer for sale at public outcry on the third day of January, 1887, and did then openly and publicly, and according to the custom of auction, sell and dispose of the same unto Francis A. Connor for the sum of one hundred and fifteen dollars, being at that price the highest bidder therefor," &c. "Now, therefore, know all men by these presents, that I, F. A. Connor, mortgagee aforesaid," &c. The deed was signed "F. A. Connor, mortgagee."

The Circuit decree. omitting its statement of facts and so much of its findings as is not questioned by the appeal, was as follows:

I agree with the master in concluding that the plaintiff is entitled to a judgment of foreclosure, but the proceeds of sale cannot be applied to the satisfaction of the plaintiff's mortgage debt in preference to the senior mortgage debt of the defendant Connor, unless it has been made to appear that the defendant Connor's mortgage debt has been paid as matter of fact, or that it has been satisfied as matter of law. The sale and attempted conveyance by the defendant Connor did not pass the title to the mortgaged premises, and could not operate as a satisfaction of the defendant Connor's mortgage. Such effect would be prevented by the terms of Connor's mortgage. I agree with the master, that the defendant Goggins does not occupy the position of a *bona fide* purchaser for value without notice.

The defects in the attempted conveyance by the defendant Connor to himself cannot be supplied for the reasons stated by

the master.[1]  The doctrine of merger does not apply.  The defendants' exception to the master's conclusion as matter of law, that the mortgage of the defendant, F. A. Connor, is satisfied, is hereby sustained, and to that extent the master's report is overruled and is made to conform to this decree.  Except as herein overruled or modified, the master's report is hereby confirmed as the judgment of this court, and the plaintiff's and defendants' exceptions thereto are hereby overruled.

I find as matters of fact:  1.  That there is due on the senior mortgage debt of E. G. Dendy to Francis A. Connor the sum of one hundred and seventy-two and 09–100 dollars, with interest from January 22d, 1891.  2.  That there is due on the junior mortgage debt of defendant, W. F. Waite, to E. G. Dendy, assigned to plaintiff. the sum of five hundred and thirty six 18–100 dollars, with interest from January 22d, 1891.

I conclude as matters of law:  1.  That the mortgage executed by E. G. Dendy to Francis A. Connor has not been satisfied.  2.  That the plaintiff is entitled to a judgment of foreclosure against the defendant, W. F. Waite, for the amount ascertained to be due said plaintiff as aforesaid by the said W. F. Waite.

It is therefore ordered and adjudged, that after duly advertising the same, the master for Abbeville County do sell, &c. * * * After paying costs of this action, to be taxed by the clerk, and any taxes that may be due on the premises, the master will pay to the defendant, Francis A. Connor, out of the proceeds of sale, the sum of one hundred and seventy-two dollars and nine cents, with interest from January 22d, 1891, &c.

*Messrs. Benet & Cason* and *J. F. J. Caldwell*, for appellant.

*Messrs. DeBruhl & Bradley*, contra.

---

[1] Extract from master's report: "I do not see how Mr. Connor's request to have his deed revised and corrected can be granted.  The court had no part in the sale, and cannot assume that it was in the interest of all parties concerned in the premises, nor that it was unimpeachable.  Mr. Dendy is not a party before the court, and has no opportunity to be heard if he so desired.  I do not think the court can undertake to overhaul a transaction in which he was concerned, and correct it in the interest of the opposite party without at least giving him the opportunity of a hearing."

September 3, 1892.  The opinion of the court was delivered by

MR. JUSTICE POPE.  In January, 1884, one E. G. Dendy, as the owner of a tract of land, containing sixty-eight acres, situated in Abbeville County, in this State, mortgaged the same to Francis A. Connor to secure a debt of $213, and of this debt Dendy paid the one-half thereof.  In September, 1884, E. G. Dendy sold this land to one W. F. Waite at the price of $475, secured to be paid by three notes, each for $158.33⅓, and secured by a mortgage of the premises.  Only a part of one of said notes was paid. Both the foregoing mortgages were duly recorded.  On the 20 July, 1886, E. G. Dendy, for value, assigned the three notes and mortgage given to him by W. F. Waite to the plaintiff, Lula Dendy.  Francis A. Connor, under a power in the mortgage, sold at public auction, after due advertisement, the tract of mortgaged land on the first Monday of January, 1887, at the price of $115, to himself as the highest bidder, and by deed to himself conveyed said land, signing said deed "Francis A. Connor, mortgagee," without any seal.  In the spring of 1887, F. A. Connor sold and conveyed said tract of land to the defendant, Mitchell Goggins, at the price of $300, on credit.  About $200 of this purchase money has been paid.  Mortgage secures the amount still due. Mitchell Goggins has been in possession of said lands since the spring of 1887 to the present time.

The present action has been brought by Lula Dendy to foreclose the mortgage she holds thereon, to which the said W. F. Waite, Francis A. Connor, and Mitchell Goggins have been made parties defendant as having or claiming some interest in such mortgaged lands.  The defendant, W. F. Waite, did not answer. The defendant, Francis A. Connor, answered, setting up the facts herein recited, and claiming that if there were any defects or omissions in the deed he made to himself, he should now be allowed to correct the same; that the sale made by him was valid by reason of the power contained in the mortgage of Dendy to himself; and that the plaintiff has no right to maintain this action of foreclosure.  The defendant Goggins answered, adopting the answer of Francis A. Connor as his own.

By consent of the parties to the action, all the issues of law

and fact were referred to J. C. Klugh, Esq., as master. On the coming in of the master's report, all parties duly excepted thereto. The same came on to be heard by his honor, I. D. Witherspoon, and on the 1 September, 1891, his decree was filed. In his decree, among his findings of fact, were: that the mortgage held by F. A. Connor for $172.09, with interest from 22 January, 1891, on E. G. Dendy, was still subsisting and unpaid, and was a prior lien to that of the plaintiff for $536.18, with interest from 22 January, 1891. Among his conclusions of law: that the mortgage held by Francis A. Connor has not been satisfied; that the mortgage held by plaintiff should be foreclosed; that from the proceeds arising from the sale of the lands by the master, he should first pay all the costs of this action, to be hereafter taxed by the clerk of court for Abbeville, and any taxes due on the land, second, the judgment of Francis A. Connor for $172.09 and interest, and third, the judgment of plaintiff, &c.

From this decree the defendants, Francis A. Connor and Mitchell Goggins, have appealed to this court on the following grounds: I. Because his honor erred in holding that the sale and attempted conveyance did not pass the title to the premises, to such an extent, at least, as to protect the defendants from any action by the plaintiff for foreclosure. II. Because he erred in holding that the attempted conveyance by the defendant to himself cannot be supplied or corrected. III. Because he erred in confirming the master's first finding of fact, that the sale and attempted conveyance by Mr. Connor were not effectual to pass the legal title to the land. It is submitted that this is a question of law and not of fact. IV. Because he erred in holding that the plaintiff was entitled to a judgment of foreclosure against W. F. Waite, and directed that the mortgaged premises should be sold. V. Because he erred in holding that the proceeds should be applied to the payment of all the costs of this action first. VI. Because he erred in not holding that plaintiff could not maintain this suit against the defendants, appellants. VII. Because he erred in not holding that any defect in defendants' deed could be corrected *nunc pro tunc.*

In our consideration of these grounds of appeal, we will consider the 1st, 2nd, 3rd, and 7th together, for they pertain to the

same subject-matter, namely, the effect of the attempted execution by Mr. Connor of the power vested in him by the terms of the mortgage of E. G. Dendy to him. It is useless at this time to expend any notice upon the proposition, that, under the laws of this commonwealth, a mortgagee may lawfully sell lands mortgaged if such mortgage contains a power effectual thereto. Such is the law and the daily practice in this State. *Robinson* v. *Amateur Association*, 14 S. C., 151; *Johnson* v. *Johnson*, 27 *Id.*, 309. The law has wisely placed this limitation, however, upon the exercise of such power by the mortgagee: "A sale under such a power is equivalent to a sale and purchase under a decree in equity, and will cut off all right of redemption, *provided the mortgagee faithfully discharge, in all respects, the duties imposed upon him as donee of the power*" (italics ours).

The real question here is, Did Mr. Connor discharge, in all respects, the duties imposed upon him as donee of the power? At the outset, it may be stated that there is no question as to good faith here: the high character and personal worth of Mr. Connor forbid any criticism as to his good faith in all that he did, and the facts in proof demonstrate an earnest effort on his part to discharge his full duty in the premises. But in answering the question as to the legal results flowing from his attempt to execute his duties as donee of the power as mortgagee, we are obliged to look to the decisions of our courts touching this matter, and in doing so we find at least three cases in this State that held that when a power is confided to another to sell the land of the donor of the power, it can only be discharged by signing the deed in the name of the donor, and that when the donee of the power signs his own name, such deed is declared invalid. *Webster* v. *Brown & Hammett*, 2 S. C., 429; *De Walt* v. *Kinard*, 19 *Id.*, 286; *Johnson* v. *Johnson*, 27 *Id*, 309. Such being the law in this State, we feel obliged to sustain the decree of the Circuit Judge.

It has been most ingeniously suggested in the argument of appellants, that admitting the force of these decisions just cited, yet in this case the defects in the execution of the power should be allowed to be cured. To do this, it is but

fair to say, would work an entire change in the attitude to each other of the parties to this action, and in fact would work an injury to the plaintiff for which the court could give no good reason. The defendant Connor fails to put himself in the condition requisite to enable him to ask a reformation of his deed. It seems to this court that there has been a failure in certain parties to the action at bar to avail themselves of that knowledge of the requirements of the law necessary to the avoidance of the mistake that occurred in the execution of the power in the mortgage; and such being the case, we are unable to help them.

We will next examine the fourth ground of appeal relating, as it does, to the alleged error of the Circuit Judge in decreeing a foreclosure against W. F. Waite. Let us see if there is any merit in this ground of appeal. E. G. Dendy sold the tract of land to W. F. Waite, who executed his notes for the purchase money secured by a mortgage upon the land conveyed to him. Dendy for value assigned these notes and mortgage to the plaintiff, in whose hands they remain unpaid. Why is not the plaintiff entitled to a decree for foreclosure against W. F. Waite? We know of no reason, nor have we heard any suggested by others, to the contrary. Indeed, there is no reason why she should not have this relief.

Next let us examine the fifth ground of appeal pertaining to costs. This court has repeatedly held that costs in equity causes are in the discretion of the Circuit Judge, and such discretion will rarely be disturbed by this court. *Bratton* v. *Massey,* 18 S. C., 555; *Covar* v. *Sullat,* 22 *Id.*, 271. Now, such being the rule in such matters, are there any reasons why the case at bar should fall within the excepted cases? Here originally Dendy had the title. He mortgaged to Connor, but gave no title. He sold and conveyed to Waite. Connor tried to buy, Connor tried to convey. But the truth is, from 1884 until now title to this sixty-eight acres of land has been in Waite. This being so, when the plaintiff sought a foreclosure of her mortgage, and the defendants sought to defeat that right by interposing an alleged title in themselves growing out of a power unexecuted in fact and in law, and the court has decided adversely to that alleged title, it appears to us that these defendants incurred

the penalty that attaches to the losing side, viz., to pay costs.
The course of the Circuit Judge, in effect, makes them pay costs
by postponing the payment of the senior mortgage until this is
done.   This ground of appeal is dismissed.

    Lastly, as to sixth ground of appeal.   It is too general to be
        considered by this court; but still, in view of the expres-
    sions hereinbefore made, we could scarcely sustain it even
        if it was not obnoxious to this most wholesome rule regu-
lating the hearing of appeals.

    It is the judgment of this court, that the judgment of the Cir-
cuit Court be affirmed.