### JUMPER v. COMMERCIAL BANK.

1. BANK PRESIDENT—CERTIFICATE OF DEPOSIT—EVIDENCE.—The rulings in Bickley *v.* Commercial Bank, next case *ante,* as to parol testimony to affect a written certificate of deposit, and the powers of a bank president to receive deposits, reaffirmed and followed.
2. EXCEPTIONS overruled where not specific, not material and too general.

Before WALLACE, J., Richland, October, 1892.

Action by Catharine Jumper against Commercial Bank of Columbia, S. C. For a proper understanding of this case, see Bickley *v.* Commercial Bank, next case *ante.* Verdict was for plaintiff, and defendant appealed. In this case, as in Bickley's case, Mr. Ernest Gary sat in the place of Mr. Justice McGowan.

*Messrs. Lyles & Muller,* for appellant.

*Mr. J. S. Verner,* contra.

September 4, 1893. The opinion of the court was delivered by

MR. JUSTICE GARY. This case is very similar to that of James D. Bickley against Commercial Bank of Columbia, S. C., heard at the same term of court, in which a very elaborate and exhaustive opinion has just been delivered by Mr. Chief Justice McIver. An extended statement of the facts is, therefore, unnecessary. The principles of law announced in that case are decisive of the principal exceptions in this case.

The certificates of deposit in this case, which were introduced in evidence against the objection of the appellant, are as follows:

"Interest bearing certificate with contract. Commercial Bank of Columbia, S. C. June 28th, 1890. I hereby certify that Mrs.

Catharine Jumper has deposited in the Commercial Bank of Columbia, S. C., five hundred twenty-five and 00–100 dollars, payable to her order, upon the return of this certificate properly endorsed. And it is agreed between the said Commercial Bank and any and all endorsers of this certificate, that the sum of money above mentioned shall remain on deposit in said bank for one year from date hereof. And it is further agreed between said parties, that the amount named in said certificate shall draw interest at the rate of six per centum per annum, payable semi-annually. (Signed) C. J. Iredell, manager of the Commercial Bank of Columbia, S. C., per James Iredell." The other certificate is in the same form, the only difference being as date and amount deposited.

The appellant's exceptions are as follows: 1. Because his honor allowed the plaintiff and the witness Bickley to testify as to conversations with C. J. Iredell tending to affect the written instrument sued on. 2. Because he refused to allow defendant's counsel in his cross-examination of the witness Bickley to interrogate him as to the certificates which had been held by him in the old bank, similar to the one sued on in this case. 3. Because he ruled out the testimony of the witness Iredell, taken by commission, as to the certificate stub, and as to whether the plaintiff knew where she was depositing her money. 4. Because he ruled out portions of the answers of the witness Iredell to the 11th interrogatory. 5. Because he refused defendant's motion for a non-suit. 6. Because he stated in his charge to the jury that the old partnership bank had sold its name to the defendant bank. 7. Because he charged the jury that the defendant bank had authorized Mr. Iredell to receive deposits for the new bank. 8. Because he charged the jury that the resolution of the board of directors authorizing the president to establish a savings department to be run in connection with the bank conferred upon him authority to receive deposits for the bank. 9. Because he charged the jury that if said Iredell received the deposits under authority of that resolution, the bank was responsible for its repayment. 10. Because he charged the jury that the question of the authority of said Iredell as president of the defendant bank to

receive deposits had been taken out of the scope of the general law by the resolution of the board authorizing the establishment of a savings department. 11. Because he refused defendant's 1, 2, 4, 6, 8, 9, 11 and 12 requests to charge.

The first and fifth exceptions are sustained, for the reasons announced in the case of Bickley against this defendant, above mentioned. The second and third exceptions are overruled.

The fourth exception is not specific enough to be considered. The view which the court takes of the testimony offered by the plaintiff to vary the terms of the certificates of deposit, shows that the errors complained of in the 6th, 7th, 8th, 9th and 10th exceptions are not material and need not be considered. The 11th exception is too general for consideration.

The judgment of the Circuit Court is, therefore, reversed and the case remanded to that court for a new trial.[1]