SWYGERT v. WINGARD.

1. EXCEPTION.—The office of an exception is to point out some specific error, and one faulty in this respect will not be considered.
2. TRESPASS—TENANT.—The fact that a landlord leased premises to one person while another tenant was in possession under lease does not constitute trespass.
3. IBID.—IBID.—ACTION.—RES ADJUDICATA.—Where it is charged that a landlord "countenanced, instigated, and encouraged" his tenant to commit trespass upon another's lands, and the jury find in favor of such tenant, the cause of action against the landlord is terminated.

Before BUCHANAN, J., Lexington, September, 1896. Affirmed.

Action by John S. Swygert against Paul Wingard and F. W. Wagener & Co., for damages for alleged trespass. From an order dismissing the complaint, the plaintiff appeals. The opinion states the facts.

*Messrs. Andrew Crawford* and *G. T. Graham,* for appellant, cite: Floyd v. Floyd, 4 Rich.; 18 S. C., 115; 3 Strob., 425; 10 Wend., 656; 14 Rich., 214; Rucker v. Buyck, 37 S. C.,     .

*Messrs. Jno. S. Verner* and *LeRoy F. Youmans,* contra, cite: 35 S. C., 486; 6 M. & W., 460; 10 Wend., 656.

Feb. 26, 1897. The opinion of the Court was delivered by

MR. CHIEF JUSTICE MCIVER. This was an action brought by the plaintiff to recover damages for certain trespasses alleged to have been committed by defendants on a certain tract of land claimed to be in possession of the plaintiff, as tenant of the defendants, F. W. Wagener & Co. In the first paragraph of his complaint the plaintiff alleges that during the years 1892 and 1893, and for several years prior thereto, he was a tenant of F. W. Wagener & Co. on a certain tract of land which had been purchased by said Wagener & Co. under a judgment of foreclosure of mortgage obtained by

21—48

them against the plaintiff. . In the second paragraph the allegation is that all of the defendants named in the title of the case, except Paul Wingard, compose the firm of F. W. Wagener & Co. The third paragraph is in the following language : " That during the latter months of the year 1892, and in November or December thereof, while the plaintiff was in the peaceable and lawful possession of said farm, the defendants, F. W. Wagener & Co., through their agent, one W. D. Starling, leased the premises, already in the possession of this plaintiff, to the defendant, Paul Wingard, and authorized the latter to occupy the same ; and at the times aforesaid, and on divers occasions thereafter, in the spring of 1893, countenanced, instigated and encouraged said Paul Wingard in going upon the said farm and premises, in violation of this plaintiff's rights, with force and arms, and there trampling down his grass, plowing up his land, sowing and gathering crops thereon, and otherwise injuring this plaintiff, by openly, insultingly, and in defiance of his warnings and protestations, persisting in trespassing upon his property aforesaid, to his damage $10,000." To this complaint the defendants answered, denying each and every allegation thereof. ·

At the first trial the jury found a verdict in the following form: "We find for the plaintiff $1,500 against Paul Wingard and F. W. Wagener and G. A. Wagener, known as the firm of F. W. Wagener & Co." Upon the motion of the defendants, this verdict was set aside and a new trial granted. On the second trial the jury rendered a verdict in the following form: "We find for the plaintiff $1,000 against F. W. Wagener and G. A. Wagener, known as the firm of F. W. Wagener & Co. We find in favor of the defendant, Paul Wingard." Upon this verdict judgment was entered in favor of Paul Wingard against the plaintiff. On the third trial the jury found a verdict in the following form: "We find for the plaintiff $800." This verdict was likewise set aside, and a new trial granted. In the meantime, the defendants, by leave of the Court first had and obtained,

filed a supplemental answer, in which, as an additional defense to that of a general denial, set up in their original answer, they allege that on the 24th of September, 1895, the issues in this action were submitted to a jury, who rendered no verdict against H. F. Bremer or Julius D. Koester; and who, on that day, found a verdict in favor of Paul Wingard, upon which judgment was duly entered in favor of said Paul Wingard against the said plaintiff. The defendants, on the 24th of September, 1896, gave notice that they would move the Court, "on the pleadings and proceedings in this case before, during and subsequent to the three several trials by jury therein, for an order dismissing the complaint herein; and this failing, for an order requiring the plaintiff to elect upon which of the causes of action stated in the complaint he will proceed to trial—whether upon the one stating that the defendants, F. W. Wagener & Co., through their agent, W. D. Starling, leased the premises in the possession of plaintiff to Paul Wingard, and authorized the latter to occupy the same, or upon the one stating that F. W. Wagener & Co. countenanced, instigated, and encouraged Paul Wingard in the commission of the alleged trespass." This motion was heard by his Honor, Judge Buchanan, and at the hearing the three orders granting new trials, and the judgment in favor of Paul Wingard, were introduced. The motion was granted, and an order passed dismissing the complaint.

From this order plaintiff appeals, basing his appeal upon a single exception, in the following form: "Because his Honor erred, as matter of law, in dismissing the complaint in the above entitled action." The counsel for respondents take the position that this exception is too general, vague, and indefinite to be considered by this Court; and this position must be sustained. This Court has so often held that the proper office of an exception is to point out some specific error complained of, and that an exception faulty in this respect will not be considered, that it is not necessary to cite any of the numerous cases upon

the subject. If an appeal from a judgment is based upon the single exception that there is error of law in such judgment, no one would contend that such an exception would be sufficient to require this Court to consider it; for to do so, it would be necessary for the Court to grope in the dark through all the proceedings in the case in order to ascertain whether there was any possible error in the judgment which appellant has been unable or unwilling to point out. It is quite clear that the exception upon which this appeal is based is open to the same objection, for it fails to give the faintest indication of any specific error of law committed by the Circuit Judge. Upon this ground alone the order must be affirmed. We may add, however, as a matter purely *ex gratia*, that we have been unable to discover any error of law in the order appealed from.

The action was based upon an alleged trespass, and if such allegation is based upon the fact that the defendants leased the premises to another person while the plaintiff was in possession thereof under a previous lease, that certainly would not constitute a trespass, and hence, if that be the cause of action, the complaint could not be sustained.

If, however, the cause of action relied upon be the alleged fact that defendants "countenanced, instigated, and encouraged said Paul Wingard" in committing the trespass charged to have been committed by him, then such cause of action had already been eliminated from the case by the judgment in favor of Paul Wingard, from which plaintiff did not appeal. If, as had been adjudged in this very case, Paul Wingard was not guilty of committing the trespass charged against him, it is impossible to conceive how the defendants could be guilty of "countenancing, instigating, and encouraging" the said Paul Wingard to do that which it had been judicially ascertained he had not done. It seems to us clear, therefore, that in no view of the case can this appeal be sustained.

The judgment of this Court is, that the order appealed from be affirmed.