TUCKER v. CHARLESTON AND WESTERN RAILWAY CO.

1. CHARGE—APPLIANCES AND MACHINERY—EMPLOYER AND EMPLOYEE—RAILROADS.—Charge as to appliances furnished employees by employers not objectionable in connection with the allegations of the complaint.

2. EXCEPTION that does not state the proposition of law to be reviewed is fatally defective.

3. CHARGE.—Judge not compelled to charge a request in the language proposed.

4. IBID.—PRACTICE.—Proper practice in refusing a request indicated.

5. IBID.—APPEAL.—If a Judge in refusing a request commit technical error, which does not mislead the jury, it is not reversible error.

6. EXCEPTIONS too general for consideration.

Before ALDRICH, J., Laurens, October, 1897.    Affirmed.

Action by Alex. Tucker against Charleston and Western Carolina Railway.    Judgment for plaintiff for $1,500.    Defendant appeals.

*Messrs. S. J. Simpson* and *Simpson & Barksdale,* for appellant, cite: *As to appliances:* 18 S. C., 262; *Crouch* v. *R. R.,* 22 S. C.

*Mr. N. B. Dial,* contra, cites: *Charge as a whole correct:* 48 S. C., 364; 45 S. C., 156, 181; 46 S. C., 447; 42 S. C., 454; 41 S. C., 420; 38 S. C., 200.

Feb. 16, 1898.   The opinion of the Court was delivered by

MR. JUSTICE GARY.   In this action the plaintiff, who was an employee of the defendant on one of its lever or push cars, recovered judgment against the defendant for damages sustained through a defect in said lever or push car, in the sum of $1,500.

The defendant appealed upon several exceptions, the first of which complains of error on the part of the presiding Judge as follows: 1. "In charging and instructing the jury, in substance, that if the lever car in this case were unsafe or defective or insecure, then it would be a car which railroad men of ordinary intelligence and experience would not have used—thus invading the province of the jury, and taking from them the question of fact whether the car in this case was a reasonably safe one—one that a railroad man of ordinary prudence would use."   In

charging the jury, his Honor said: "In this particular, the complaint alleges, among other things, that it was the duty of the railroad company to provide a good, safe and secure car, with good, safe and secure machinery and apparatus. That is correct, and just in connection with that, the defendant's third request is good, and I will take it up here: 'While it is the duty of the railroad company, as of all other employers, to furnish to its employees reasonably safe machinery and appliances, it is not required that such machinery or appliances shall be perfect or free from all defects, or that it shall be new or the most improved machinery. The law only requires that the machinery shall be reasonably safe for the purposes for which it is intended, such as prudent persons would usually furnish under similar circumstances.' That states the law correctly. It is the duty of a master, such as a railway company, to provide proper and suitable and reasonably safe machinery and appliances for its employees, and it is held to do that, because a master, having reference to the character of the business engaged in, should employ, use and keep machinery and appliances of the character I have described. Now, you will see that the duty of the master in procuring and maintaining machinery, and negligence in failing to perform that duty, are relative terms. A person engaged in some simple ordinary avocation—for instance, in driving a vehicle pulled by work animals along a dirt road—might or might not be guilty of negligence in the same respect in traveling along that road. You are to ascertain whether that individual driving that wagon was guilty of negligence; you would have reference to persons engaged in like occupations, and if the animals and machinery, the implements which he was then using, were reasonably safe and such as men of ordinary intelligence and experience engaged in a similar business would use, why then that individual would not be guilty of negligence. So with a railroad company. The question is not that a railroad company is compelled or obliged to get the finest, the latest, the best and most improved machinery

and appliances, nor is it held up to the standard of keeping that machinery in the highest state of preservation and safest condition known to science and man. It has discharged its duty if the railroad company has procured machinery of a reasonably safe condition and maintained it in that character, such as railway men of ordinary intelligence and experience in that line of business would use in the operation of their railway; then the railroad company would not be guilty of negligence. So that the negligence of the railroad company in furnishing and affording defective appliances means that they procured unsafe machinery, or in the use of it allowed it to become so defective that railway people of ordinary intelligence and experience would not, because of the unsafeness of that machinery or defective condition, use it or allow it to be used, then they would be guilty of negligence, because the railway company would not have done its duty in the premises. It is a question of fact for the jury to decide. The very expression, 'to procure and maintain machinery and appliances,' means that it is not incumbent on the railway company to employ new machinery all the time. Your own observation, without a moment's reflection, will convince you that that is not the duty of the railroad company; hence, the law says that it must maintain its machinery and appliances in a reasonably safe condition, and if it has done that, it has done its duty in that behalf." It will be observed that what his Honor proceeds to say is in connection with the allegations of the complaint herein, and must be construed with reference to the words of the complaint. "Now, the allegations of this complaint are, after stating what was the duty of the railway company, 'that the railroad company, not regarding its duty, conducted itself so carelessly, negligently and unsafely in this behalf'—that is, keeping this car in good condition, as stated above—'that it provided and used an unsafe, insecure push or lever car, with unsafe and defective appliances.' That is the allegation. These are the specifications wherein the railway company

is charged with negligence. That raises a question of fact for you: Was this lever car unsafe? Was it defective and insecure? If so, then it would be a car which railway men of ordinary intelligence and experience would not have used, because it was either unsafe in its construction or defective in its maintainance. Now, was that car such a car as railway companies would ordinarily use as reasonably safe and secure? If it was, then the charge that the car was unsafe, insecure, and so on, would *not* be proven, and the burden of the proof is upon the plaintiff to show that. If it was a car that railway men of experience and intelligence would know and should have known—and it is the duty of the railway company to know its machinery and appliances—to be unsafe and defective, you would accept it as such in your conclusion." When the charge is considered as a whole, and the language in the exception is considered in connection with the words of the complaint, which had just been read, and to which the language in the exception was meant to apply, there was nothing to mislead the jury. The prominent idea which his Honor kept before the minds of the jury was that the machinery and appliances only had to be reasonably safe and secure, and such as those of ordinary intelligence and experience would ordinarily use in like avocations and under similar circumstances. This exception is overruled.

The second exception complains of error as follows: 2. "In refusing to charge the fourth request of the defendant company." The fourth request is as follows: "If the car and the appliances in this case were at the time of the injury reasonably safe for the purposes for which they were intended, in furnishing such car and appliances, the railroad company fulfilled its obligation to the plaintiff; and in such cases, even if there was a defect in the car which contributed to or caused the injury, the defendant could not be held guilty of negligence, and there can be no recovery." This exception is obnoxious to Rule 5 of the Supreme Court, in that it does not contain a state-

ment of the proposition of law which it is desired to review. Such an exception was held to be defective in *Jumper* v. *Bank*, 39 S. C., 296.   See also *Holtzclaw* v. *Green*, 45 S. C., 494.   But waiving such objection, his Honor, in his general charge, stated the law therein contained, and in refusing the request said, "I cannot charge this request as stated, but I think I have covered what I conceive to be the idea of counsel in my remarks generally." It is a well settled principle of law that the presiding Judge is not compelled to charge requests in their exact language. As the defendant got the benefit of the proposition of law contained in this request, there was no reversible error in failing to charge it in the language of the request.

The third exception alleges error as follows: 3. "In charging and instructing the jury that it would be impossible for a car to be reasonably safe, and have a defect in it sufficient to cause or contribute to an injury."   In speaking of the fourth request to charge, his Honor said: "That request is a little complicated, and I do not know if I exactly understand it.   The first part presumes that 'if the car and the appliances in this case were, at the time of the injury, reasonably safe for the purpose for which they were intended,' then I would unhesitatingly charge you that if a person, notwithstanding that fact, were injured without the negligence of the railroad company, the plaintiff could not recover; but if in such a case there were 'a defect in the car which contributed to or caused the injury,' that would seem to be inconsistent with the introductory part of this request to charge, because it would be impossible for a car to be reasonably safe, and then have a defect sufficient to cause the injury, or contribute to or cause the injury by reason of that defect, and at the same time be a reasonably safe car; and for that reason I cannot charge this request as stated, but I think I have covered what I conceive to be the idea of counsel in my remarks generally."   It must be remembered that these remarks were made by the Circuit Judge in refusing the request to

charge, and, in strictness, were not a part of the general charge to the jury. As was said in the case of *Long* v. *Ry. Co.*, 50 S. C., 49: "When the presiding Judge refuses requests to charge, he is not compelled to read them in the hearing of the jury, nor is it necessary that he should instruct the jury that they do not contain sound propositions of law." In fact, when a request to charge embodies an erroneous principle of law, it should not be read to the jury, nor should the reasons for refusing it be stated within their hearing, as it would tend to confuse rather than to enlighten the jury. The reasons which a Circuit Judge may see fit to assign for refusing a request to charge, are for the consideration of the Supreme Court in case of an appeal.

But apart from this, when the charge is considered in its entirety, even though there was error in the passing remark in refusing the request to charge, it was not such as to have misled the jury. It is very difficult to keep from committing a technical error of some kind during the progress of a lengthy case, and where, as in this case, the error was not even made in what was, strictly speaking, the general charge, but in a collateral matter, there should not be a new trial on such grounds. Furthermore, the language of the Circuit Judge was used in refusing a request which was substantially charged in the general charge. There should be an end of litigation, and when the parties have had a fair trial, and there has been no material error, the judgment of the Circuit Judge should be affirmed. This exception is overruled.

The fourth exception complains of error as follows: 4. "In charging the jury as set forth in exception 1, in that such charge necessarily affected the judgment of the jury in determining the question of negligence whether the car in question was one that an ordinarily prudent railroad man would have used under the same circumstances, and was a charge upon the facts, in violation of section 26, art. 5, of the Constitution of this State." This exception is disposed

of by what was said in considering the first exception, and is overruled.

The fifth exception is as follows: 5. "In charging the jury as set forth in exception 3, in that such charge necessarily affected the judgment of the jury in determining the question of negligence, whether the car in question was a reasonably safe one and was a charge upon the facts, in violation of section 26, art. 5, of the Constitution of this State." This exception is disposed of by what was said in considering the other exceptions, and is overruled.

The sixth and seventh exceptions are as follows: 6. "In misdirecting the jury as to what would constitute the proximate cause of an injury in any given case."  7. "In refusing defendant's motion for a new trial." These exceptions are too general for consideration, and are overruled.

It is the judgment of this Court, that the judgment of the Circuit Court be affirmed.