## 11776

### HYDRICK *ET AL.* v. FAIREY *ET AL.*

#### (128 S. E., 358)

APPEAL AND ERROR—APPEAL HELD DISMISSIBLE FOR FAILURE OF EXCEPTIONS TO COMPLY WITH COURT RULE.—An appeal will be dismissed where exceptions do not comply with Supreme Court rule 6, requiring each exception to contain a concise statement of one proposition of law or fact, and prohibiting repetition of assignments of error.

Before McGowan, J., Orangeburg, June, 1924. Affirmed.

Action by D. J. Hydrick and Mollie R. Hydrick against J. J. Fairey and D. O. Herbert, executors of Mrs. Adeline H. Smoak and Maude Baxter and others. From order denying defendants' motion for judgment, after plaintiff's refusal to comply with order of discovery, defendants appeal.

*Messrs. Herbert & Herbert* and *Raysor, Moss & Lide* and *S. G. Mayfield* and *J. Wesley Crum,* for appellants, cite: *Trial defined:* Code Civ. Proc. Sec. 532. *Mode of raising issues:* Code Civ. Proc. Sec. 529 and 530. *Order for discovery stays proceedings:* Rule 46 Circuit Courts. *Judgment after answer stricken out:* 100 S. C., 196. *Judgment after complaint stricken out:* 72 S. C., 596.

*Messrs. E. C. Mann, Jno. H. Hydrick* and *Brantley & Zeigler,* for respondents, cite: *Rights under discovery statute:* Code Civ. Proc. Sec. 689; 24 S. C., 558. *Refusal to discover must be shown:* 48 S. C., 82. *Grounds for discovery:* 40 S. C., 401. *"Fishing for evidence:"* 107 S. C., 112; 9 R. C. L., 186.

June 1, 1925.

The opinion of the Court was delivered by MR CHIEF JUSTICE GARY.

The following statement appears in the record:

"This action was commenced on the 22d day of June, 1923, for the specific performance of a contract in writing, alleged to have been executed by Mrs. Adeline H. Smoak to the plaintiff, whereby she agreed to bequeath and devise one-half of her property to the plaintiff, Mollie R. Hydrick. An amended complaint was filed on or about the 9th day of August, 1923."

The appeal is from the following order:

"This is a motion made by the defendants in open Court, asking for judgment in favor of defendants without stating any specific ground other than that it is to be made upon the entire record in the case. The motion is opposed by the plaintiffs.

"The action is one of an equitable nature, and is substantially for the specific performance of an alleged written agreement to make a will, giving a legacy to the plaintiffs, which it is alleged was never performed.

"Before the time for answering expired, the defendants made a motion before his Honor, Judge I. W. Bowman, for an order requiring the plaintiffs to permit the defendants to inspect and have a copy of the agreement set out in the complaint to enable them to prepare their answer, and in said motion Judge Bowman, on the 22d day of August, 1923, granted an order requiring the plaintiffs to have made a photographic copy of the said written agreement and deliver a copy thereof to the defendants; and soon thereafter the defendants made a motion before his Honor, Judge J. K. Henry, at the last term of the Court, seeking obedience to the order of Judge Bowman, and on February 11, 1924, Judge Henry granted an order directing that the terms of Judge Bowman's order be carried out within a certain time, and, upon failure to do so, that the plaintiffs be prohibited from proving said agreement or giving secondary evidence of its contents in this action or in any other between the parties.

"The action has never been docketed, and it is apparent that the defendants construe this motion as a trial upon the merits of the case, and thereby seek the determination of the rights of the parties in this form. After argument of counsel and consideration of the record, the Court is of opinion that the motion should not be granted.

"The plaintiffs have the right to a trial of the case upon the merits, and in such trial the force and effect of the orders herein made can be considered, and a complete determination of the rights of the parties can be had. Only 4 days' notice of the motion was given.

"The motion is therefore refused, without prejudice to the defendants to renew this motion upon proper notice or take such other and further steps as they may be advised."

From the foregoing order, the defendants appealed upon the following exceptions:

"I. His Honor erred in holding that 'this is a motion by the defendants in open Court'; the error being that the matter did not come before his Honor on the calendar, but came before him on notice given 4 days before the time set for the hearing thereof, and was therefore not a motion in open Court.

"II. His Honor erred in holding that 'it is apparent that the defendants construe this motion as a trial upon the merits of the case, and thereby seek the determination of the rights of the parties in this form'; the error being that the defendants have never contended and do not now contend that this motion was a trial upon the merits, defendants contending to the contrary that the orders of Judges Bowman and Henry being of force and final in their nature— (a) under rule 46 of the Circuit Courts for the State of South Carolina, the cause was not ready for, and could not be brought to, a trial upon its merits, and therefore the Court had a right to make a final determination of the rights of the parties upon the record in the cause under its inherent power, and because there was nothing else to do; (b) under the order of Judge Henry the plaintiffs cannot prove a material allegation of their complaint, and there is therefore no necessity for a trial upon the merits; (c) because there can never be a trial upon the merits without issues arised by demurrer or answer; and there is nothing in this case to be brought to a trial by either of the parties.

"III. His Honor erred in refusing the motion for judgment, in holding that it should not be granted, and in holding that 'the plaintiffs have the right to a trial of the case upon the merits and in such trial the force and effect of the orders herein made can be considered, and a complete determination of the rights of the parties can be had'; the error being: (a) That the plaintiffs are precluded from ever bringing this .cause to a trial on its merits under rule 46 of the Circuit Courts for the State of South Carolina, by reason of their

own acts in failing or refusing to comply with the order of
Judge Bowman, which order has not been vacated, and with
which they were held by Judge Henry to have the ability to
comply; (b) that under the terms of the order of Judge
Henry which is of force, the plaintiffs can never prove their
case, the contract being a necessary part of the cause of ac-
tion, and the Courts under their inherent power in such a
case should grant a judgment upon the record and without
a trial on the merits, because there is nothing else to do;
(c) because, an order of discovery having been granted and
not complied with or vacated, defendants are not, and can
never be, in position to plead, and without a pleading on the
part of the defendants there can never be an issue for a
trial upon the merits; (d) because the force and effect of
the Judge to consider, even in a trial upon the merits, and
not a question for a jury."

Rule 6 of the Supreme Court contains these provisions:

"Each exception must contain a concise statement of one
proposition of law or fact which this Court is asked to re-
view, and the same assignment of error should not be re-
peated. Each exception must contain within itself a complete
assignment of error.  * * *  The exceptions should not be
long or argumentative in form."

Under this rule the exceptions cannot be considered, and
the appeal is dismissed, but without prejudice to the right of
the appellants to answer the complaint within 20 days after
the remittitur has been sent down.

MR. JUSTICE WATTS concurs.

MESSRS. JUSTICES COTHRAN and MARION concur in result.

MR. COTHRAN (concurring in result): I concur in the
result herein. The exceptions in my opinion are sufficient
to present the points upon which the appellants rely; and,
if there should be a doubt of that, I prefer that the appeal
should not be dismissed upon the ground of the insufficiency
of the exceptions.

I have never heard before of the defendant moving for
judgment upon the merits of the case without having either

answered or demurred to the complaint. When the plaintiffs failed to comply with the order of Judge Henry, the defendants should have answered the complaint and have exercised their right to docket under section 535 of the Code, if the plaintiffs failed to do so. The case would then, and only then, have been in shape for a trial upon the merits, which the plaintiffs are clearly entitled to. How they may be able to extricate themselves from the dilemma, in which they have been placed by failure to comply with Judge Henry's order, is a question not before the Court.