15382

PATE v. C. I. T. CORPORATION

(19 S. E. (2d), 107)

November, 1941.

*Mr. R. E. Hanna,* of Cheraw, for appellant, ▮▮▮▮▮▮

*Mr. Samuel Want, Mr. James S. Verner,* and *Mr. Sam Rogol,* all of Darlington, for respondent, ▮▮▮▮▮▮

March 2, 1942.

The opinion of the Court was delivered by MR. ASSOCIATE JUSTICE BAKER.

The appellant, plaintiff below, brought this action against the respondent, defendant below, for fraudulent breach of contract. Although the complaint contains allegations appropriate to other causes of action, the stated characterization of the action is the one adopted by the appellant in the Court below and in this Court. The respondent demurred to the complaint. From an order sustaining the demurrer with leave to appellant to amend, this appeal was taken.

The complaint alleges that the respondent financed for the appellant the purchase of a certain automobile, and that in connection with the financing transaction it contracted with the appellant as follows:

"Nation-Wide Travel Emergency Certificate

"This certificate guarantees your peace of mind when traveling * * * In the event of an emergency to your car anywhere in the United States you will find this certificate a convenience in quickly arranging C. I. T. financing for any major repairs or replacements. * * *

"A. C. Dietz, President,
"C. I. T. Corporation."

No other contractual stipulations are alleged, and the purport of the complaint appears to be that the respondent had some "serious trouble" with his car at Salisbury, North Carolina, the nature of which is not stated, and that upon the refusal of the respondent to have the necessary repairs or readjustments made, the appellant drove his car from Salisbury to Cheraw, South Carolina, with the result that "the main bearings of said car were damaged which damage would not have been suffered by the plaintiff had the defendant complied with contract." There are other allegations in the complaint relating to elements of damage, and it is also charged that the respondent took possession of the appellant's car at Cheraw, South Carolina, and has refused to return the same to appellant, although he is not "in default in any part of his contract with defendant."

The demurrer to the complaint rests on four separate grounds, but the order of the Court below is founded upon the first ground alone, which is to the effect that the complaint fails to state a cause of action "in that it is founded on an alleged contract between the plaintiff and the defendant, and that the allegations of the complaint show that no such contract existed."

The contract relied upon contains no contractual stipulations. It consists of an invitation to the holder thereof to avail himself of the financing facilities of the respondent to arrange for any major repairs or replacements in the event of an emergency involved in the operation of the financed automobile, but does not state what the

facilities are, or the terms upon which they will be extended. It requires no citation of authority to sustain the conclusion that the complaint fails to set forth the elements of an enforceable contract between the parties, or any other state of facts upon which contractual liability on the part of the respondent may be asserted.

The respondent has moved that the appeal be dismissed on the ground that none of the exceptions comply with Rule 4, Section 6, of this Court, and upon the further ground that "the appeal is frivolous." The second ground is doubtless intended to be related to the first.

Although we think that none of the exceptions of appellant complies with the requirements of the rule referred to, in that each fails to "contain a concise statement of one proposition of law or fact which this Court is asked to review * * *," and fails to "contain within itself a complete assignment of error * * *," we concluded in justice to appellant to determine for ourselves from the record, independently of the exceptions, whether there is any merit in the appellant's position, and as already stated, find none.

The order of the Circuit Court is affirmed.

Mr. Chief Justice Bonham, Messrs. Associate Justices Fishburne and Stukes, and Circuit Judge Wm. H. Grimball, Acting Associate Justice, concur.