17043

ROBERT SCOTT, Respondent, v. INDEPENDENT LIFE AND ACCIDENT INSURANCE COMPANY, Appellant

(88 S. E. (2d) 623)

*Messrs. Nash & Wilson,* of Sumter, *for Appellant,*

*Rogers W. Kirven, Esq.,* of Florence, *for Respondent,*

July 27, 1955.

OXNER, Justice.

This is an action in tort. Defendant demurred to the complaint upon the ground "that no cause of action is alleged against the defendant, in that there are no allegations in the complaint that any actionable wrong has been done plaintiff by the defendant." The Court below overruled the demurrer.

The sole exception on this appeal is as follows: "His Honor erred, it is respectfully submitted, in holding that a cause of action has been stated in the complaint."

The foregoing exception is entirely too general, vague, and indefinite to be considered. Rule 4, Section 6 of this Court; *Dendy v. Waite,* 36 S. C. '569, 15 S. E. 712; *Swygert v. Wingard,* 48 S. C. 321, 26 S. E. 653; *Brady v. Brady,* 222 S. C. 242, 72 S. E. (2d) 193, 194. The last mentioned case involved an appeal from a judgment sustaining an oral demurrer. The only exception was couched in the following language: " 'That his Honor, the trial judge, erred in sustaining the oral demurrer to the complaint upon the ground that the complaint did not state a cause of action, the error being that the complaint does state a cause of action.' " The Court held that it was too indefinite and did not comply with Rule 4, Section 6.

In the *Brady case* we waived the breach of the rule and considered the exception because it was found to embrace a meritorious assignment of error. In some instances, however, we have absolutely refused to consider exceptions framed in violation of the rule. *Hydrick v. Fairey,* 132 S. C. 335, 128 S. E. 358; *Wilson v. Clary,* 212 S. C. 250, 47 S. E. (2d) 618; *Gordon v. Rothberg,* 213 S. C. 492, 50 S. E. (2d) 202.

In the instant case we have, purely ·*ex gratia,* considered the complaint. We are not convinced that it states no cause of action. It is intimated in appellant's brief that some of the allegations are incredible, but the facts can only be determined on a trial of the case.

Appeal dismissed.

BAKER, C. J., and STUKES, TAYLOR and LEGGE, JJ., concur.