. 17573

R. C. HEWITT, Respondent, v. RESERVE LIFE, INSURANCE
COMPANY, Appellant

(110 S. E. (2d) 852)

*Messrs. Willcox, Hardee, Houck & Palmer,* and *W. Laurier O'Farrel,* of Florence, *for Appellant,*

*Messrs. Philip H. Arrowsmith* and *J. Frank Looper,* of Florence, *for Respondent,*

October 28, 1959.

Moss, Justice.

The appellant, Reserve Life Insurance Company, did, on August 25, 1956, issue its "Hospital Room Expense Policy" to R. C. Hewitt, the respondent herein, which said policy provided for the payment of certain hospital benefits in the event of the confinement of the insured to a hospital during the term of the policy. This action was instituted to recover benefits due the respondent under the provisions of said policy. The appellant denied the material allegations of the complaint and set up an affirmative defense that the policy had been rescinded by reason of false representations contained in the application of the respondent to the appellant for the issuance of said policy.

This case was tried before the Honorable W. T. McGowan, Jr., Judge of the Civil Court of Florence County, and a jury. The trial Judge submitted to the jury the questions raised by the pleadings, and that of waiver, estoppel and the knowledge of an agent being imputed to his principal. The jury found for the respondent in the amount of $370.00. The appellant timely moved for a directed verdict, *non obstante veredicto,* and in the alternative for a new trial. These motions were denied and this appeal followed.

The appellant's two exceptions are as follows:

"(1) That his Honor Judge McGowan erred, it is respectfully submitted, in refusing the defendant's motion for a directed verdict *non obstante veredicto.*

"(2) That his Honor Judge McGowan erred, it is respectfully submitted, in refusing the defendant's motion for a new trial."

The foregoing exceptions are entirely too general, vague and indefinite to be considered. They do not comply with Rule 4, Section 6, of this Court, which provides as follows:

"Each exception must contain a concise statement of one proposition of law or fact which this Court is asked to review, and the same assignment of error should not be repeated. Each exception must contain within itself a complete assignment of error, and a mere reference therein to any other exception then or previously taken, or request to charge will not be considered. * * * "

In the case of *Brady v. Brady,* 222 S. C. 242, 72 S. E. (2d) 193, 194, this Court said:

"We have held in many cases that every ground of appeal ought to be so distinctly stated that the court may at once see the point which it is called upon to decide without having to 'grope in the dark' to ascertain the precise point at issue. Rules of the Supreme Court, Rule 4, Sec. 6; *Gordon v. Rothberg,* 213 S. C. 492, 50 S. E. (2d) 202; *Pate v. C. I. T. Corporation,* 199 S. C. 244, 19 S. E. (2d) 107; *Elkins v. South Carolina & G. R. Co.,* 59 S. C. 1, 37 S. E. 20."

In the case of *Swygert v. Wingard,* 48 S. C. 321, 26 S. E. 653, 654, we said:

"This court has so often held that the proper office of an exception is to point out some specific error complained of, and that an exception faulty in this respect will not be considered, that it is not necessary to cite any of the numerous cases upon the subject."

The object of an exception is to present some distinct principle or question of law which the appellant claims to have been violated by the Court in the trial of the case from which the appeal is taken, and to present it in such form that it may be properly reviewed. *Washington v. Muse,* 150 S. C. 414, 148 S. E. 227. We have also held that each exception should contain a clear, succinct statement of the grounds upon which the motion referred to was based. *Nolf v. Patton,* 114 S. C. 323, 103 S. E. 528; *Holden v. Cantrell,* 100 S. C. 265, 84 S. E. 826.

Applying the rule of this Court and the pronouncements in the cited cases, it is readily apparent that the exceptions of the appellant hereinabove quoted are deficient.

The holding of the Court in the case of *Mitchell v. Hamilton*, 98 S. C. 289, 82 S. E. 425, 426, has application to exception (1) as proposed by the appellant herein. We quote from said case:

"The third exception is as follows: 'His honor erred in not granting defendants' motion for a nonsuit, at the close of the plaintiffs' testimony.'

"This exception fails to state the grounds upon which the motion was made, and therefore will not be considered. *Jumper v. Commercial Bank*, 39 S. C. 296, 17 S. E. 980; *Holtzclaw v. Green*, 45 S. C. 494, 23 S. E. 515; *Tucker v. Charleston & W. Ry. Co.*, 51 S. C. 306, 28 S. E. 943."

The appellant's second exception charges the Court erred "in refusing defendant's motion for a new trial." In the case of *Tucker v. Charleston & W. Ry. Co.*, 51 S. C. 306, 28 S. E. 943; the seventh exception charged the Court with error "in refusing defendant's motion for a new trial." The Court held that this exception was too general for consideration. Likewise, in the case of *Swearingen v. Hartford Ins. Co.*, 52 S. C. 309, 29 S. E. 722, we find the trial court charged with error in these words: "Because his honor erred in refusing to grant a new trial." This Court held that the exception was too general to require further notice. In the case of *Levi v. Gardner*, 53 S. C. 24, 30 S. E. 617, this Court refused to consider an exception as being too general where the error alleged was "in refusing to grant plaintiff's motion for a new trial."

The case of *Scott v. Independent Life & Accident Ins. Co.*, 227 S. C. 535, 88 S. E. (2d) 623, 624, was an action in tort. The defendant demurred to the complaint and such was overruled. Upon appeal to this Court, it was said:

"The sole exception on this appeal is as follows: 'His Honor erred, it is respectfully submitted, in holding that a cause of action has been stated in the complaint.'

"The foregoing exception is entirely too general, vague, and indefinite to be considered. Rule 4, Section 6 of this Court; *Dendy v. Waite,* 36 S. C. 569, 15 S. E. 712; *Swygert v. Wingard,* 48 S. C. 321, 26 S. E. 653; *Brady v. Brady,* 222 S. C. 242, 72 S. E. (2d) 193, 194. The last mentioned case involved an appeal from a judgment sustaining an oral demurrer. The only exception was couched in the following language: ' "That his Honor, the trial judge, erred in sustaining the oral demurrer to the complaint upon the ground that the complaint did not state a cause of action, the error being that the complaint does state a cause of action".' The Court held that it was too indefinite and did not comply with Rule 4, Section 6.

"In the *Brady case* we waived the breach of the rule and considered the exception because it was found to embrace a meritorious assignment of error. In some instances, however, we have absolutely refused to consider exceptions framed in violation of the rule. *Hydrick v. Fairey,* 132 S. C. 335, 128 S. E. 358; *Wilson v. Clary,* 212 S. C. 250, 47 S. E. (2d) 618; *Gordon v. Rothberg,* 213 S. C. 492, 50 S. E. (2d) 202."

The case of *Concrete Mix, Inc., v. James,* 231 S. C. 416, 98 S. E. (2d) 841, 843, was an action for goods sold and delivered. At the conclusion of the evidence on behalf of the plaintiff, one of the defendants moved for direction of a verdict, which was denied. The case was submitted to a jury and a verdict rendered by it for the plaintiff. The same defendant thereupon moved for judgment *non obstante veredicto* or a new trial, which motion was refused. In affirming the lower Court, we said:

"The second question alleges error in the refusal of the court to direct verdict in favor of appellant upon the ground, quoting from the question, 'that plaintiff failed to make out a case against said defendant.' The quoted language is that of the second exception. It is too general and indefinite for consideration. Supreme Court Rule 4, Sec. 6: 'Each ex-

ception must contain a concise statement of one proposition of law or fact' etc. * * * "

We conclude that the appeal in this case should be dismissed because the exceptions failed to comply with Rule 4, Section 6 of this Court.

However, as was done in the cases of *Swygert v. Wingard, supra,* and *Scott v. Independent Life & Accident Ins. Co., supra,* we have, purely *ex gratia,* considered the order of the trial Judge which refused the motions of the appellant for a directed verdict, *non obstante veredicto,* and alternatively for a new trial, in the light of the record and upon the grounds stated when said motions were made. From a study of the record and such motions, we are convinced that the trial Judge committed no error in refusing such motions.

The appeal is dismissed.

STUKES, C. J., and TAYLOR, OXNER and LEGGE, JJ., concur.