## 17978

The STATE, Respondent, v. R. M. (Bunch) CATER, Edward Donald Frazier, James L. Duncan, Jr., Eddie Q. Foster and Walter Bishop, of whom R. M. (Bunch) Cater is, Appellant.

(127 S. E. (2d) 882)

*Messrs, Yonts & Spence,* of Greenville, *for Appellant,*

C. *Victor Pyle, Esq., County Solicitor,* of Greenville, *for Respondent,*

October 24, 1962.

BRAILSFORD, Justice.

R. M. Cater appeals from his conviction of conspiracy and housebreaking. Walter Bishop and another, co-defendants with Cater, pleaded guilty as charged and testified for the State. Cater's defense was that he was entrapped into participation by one Denver Jenkins, allegedly acting as an agent of Greenville County law enforcement officers. Jenkins was a convict at the time, and was released from prison camp on the date in question by arrangement of these officers.

The transcript of record contains only the testimony of appellant, that of Denver Jenkins, a defense witness, and a brief excerpt from the defense's cross examination of Walter Bishop. Jenkins denied the entrapment and appellant affirmed it.

The first exception charges that the trial judge erred in refusing to allow cross-examination of Walter Bishop concerning his conversations with Denver Jenkins, the error being that appellant was "entitled to know all conversations between the entrapper and other parties which would bring light on the issue of who originated the crime which was committed."

This exception is not supported by the record, which shows only that an objection by the solicitor to one question by defense counsel was sustained by the court. The objection was general and its sustention did not preclude further cross examination. Counsel neither sought nor obtained a ruling as to whether he was entitled to cross examine along the line referred to in the exception. Therefore, the point is not available here.

The second exception is as follows:

"That the Court erred in refusing to charge defendant's Request for Charge, Items II and III, the error being for the following reasons:

"(a) That the defendant would be entitled to have these two propositions set forth clearly to a jury where a question of entrapment does exist."

The exception does not raise an issue which appellant is entitled to have reviewed by this court because it violates Rule 4, Sec. 6, in at least three particulars: It is not limited to "one proposition of law or fact;" it is not "[in] itself a complete assignment of error;" and it does contain "a mere reference * * * [to a] request to charge (which) will not be considered."

In *Jackson v. Carter,* 128 S. C. 79, 121 S. E. 559, it was stated that an exception in violation of this rule, ordinarily, will be considered only if an examination of it "discloses that it clearly embraces a meritorious assignment of prejudicial error * * *. Otherwise, the exception will not generally be considered." The exception involved here does not meet this frequently applied test *(Brady v. Brady,* 222 S. C. 242, 72

S. E. (2d) 193; *Scott v. Independent Life & Acc. Insurance Co.,* 227 S. C. 535, 88 S. E. (2d) 623); and is overruled.

The last exception charges that the court erred in refusing appellant's motion for a new trial. There are four specifications of error, all of which refer to the court's instructions to the jury. Only specification (c) will be noticed, because the others are wholly unrelated to any ground of the motion. It assigns as error that the court, in effect, instructed the jury that if any officer *makes* a defendant commiit a crime, he should be acquitted on the plea of entrapment. The exception is without merit. When the rather full charge on the law of entrapment is read as a whole, it is apparent that the word *make* was used in the sense of induce or cause, rather than in that of compel or force, as appellant contends. The jury could not have been misled. Futhermore, the point was waived by the failure of counsel to call it to the attention of the court at the conclusion of the charge, as he was given an opportunity to do.

Affirmed.

TAYLOR, C. J., and MOSS, LEWIS and BUSSEY, JJ., concur.