MARSHALL v. CREEL.

1. EXCEPTIONS alleging error to the Circuit Judge in finding that $216 was due, in not finding that the debt was paid, and in not dismissing the complaint and ordering bond and mortgage to be cancelled, are too general to require consideration.

2. FINDINGS OF FACT by the Circuit Judge sustained and approved.

3. IN DECREE OF FORECLOSURE of a mortgage held by a partnership, the partners being plaintiffs, there was no error in decreeing that "should the plaintiffs, or any of them, become the purchaser, the master do make title to him or them upon the payment of the costs and disbursements."

Before GARY, J., Colleton, February, 1895.

This was an action by S. R. Marshall & Co., a partnership in liquidation, against Allen Creel, commenced in October, 1893.

Mr. *T. S. Moorman,* for appellant.

Mr. *F. G. Behre,* contra.

September 3, 1895. The opinion of the court was delivered by

MR. CHIEF JUSTICE McIVER. The plaintiff brough this action for the foreclosure of a mortgage of real estate, given to secure the payment of a bond conditioned for the payment of the sum of $176.90, which was given by defendant to one Jas. S. Simmons, and by him assigned to one S. G. Pierce, and by said Pierce to the plaintiffs. The only defence relied upon was payment, not to plaintiffs, but to the first assignee, Pierce. The testimony was taken by the master under an order of the court, and by him reported to this court, and upon the testimony so taken the case was heard by his honor, Judge Ernest Gary, who rendered his decree, finding that there was due on the bond by the defendant the sum of $216, and accordingly he rendered judgment of foreclosure.

From that judgment defendent appeals upon the following grounds: "1st. For that the presiding judge was in error in not holding that the mortgage debt had been paid in full. 2d. For that the presiding judge was in error in finding that there was $216 due on the bond and mortgage sued on. 3d. For that the presiding judge was in error in not dismissing the plaintiff's action and ordering the bond and mortgage sued on cancelled. 4th. That the presiding judge was in error in adjudging and decreeing that should the plaintiffs, or either or any of them, become the purchaser, that the master do make title to him or them upon the payment of the costs and disbursements."

It is very manifest that the first three grounds are entirely too general to call for any consideration at the hands of this court. They might, for all practical purposes, be embraced in a single exception—because the Circuit Judge erred in not sustaining the defence of payment set up by the answer; and surely such an exception would not be entitled to be considered by this court. No specific error is pointed

out, and these exceptions would involve the necessity of retry-ing the case upon the testimony upon which it was heard by the Circuit Judge. This certainly is not to be expected of an appellate tribunal. But, in addition to this, all these grounds turn entirely upon questions of fact, and, under the well settled rule of this court, the conclusions of fact reached by the Circuit Judge will not be disturbed, unless with-out any testimony to sustain them or manifestly against the weight of the testimony. This we certainly cannot say in this case. There were no credits endorsed upon the bond or mort-gage, and no evidence of any specific payments thereon, for although defendant spoke of having receipts which were in the hands of his own counsel, yet no such receipts were produced or accounted for, and no statement of the amount or dates of any of them. Indeed, the whole testimony rested upon the loose statements of the witness, Pierce, who had assigned the bond and mortgage to plaintiffs; which, if true, showed that he had committed a fraud upon the plaintiffs in assigning to them a bond which was substantially paid. What the seizure of the defendant's mule by other creditors, Brown & Co., had to do with this case, it is difficult to see. We are unable to perceive any error on the part of the Circuit Judge in the conclusions which he reached on the question of payment.

As to the fourth ground of appeal, we are unable to discover any error of law therein complained of, and none has been pointed out in the argument. The provision in the judg-ment which is here assailed is not an uncommon one.

If the plaintiffs, who are entitled to the proceeds of the sale, after payment of costs and expenses, become the purchasers of the land, why should they go through the useless form of paying the money with one hand and receiving it back with the other? If it be said that the error was in making this pro-vision apply to a purchase made by any or either of the plain-tiffs, still we are unable to perceive the error—for any or either of the plaintiffs would be entitled to receive and receipt for the money, and that was manifestly what was meant by this pro-vision in the order of sale.

The judgment of this court is, that the judgment of the Circuit Court be affirmed.