### WEATHERLY v. COVINGTON.

EXCEPTION in this case not considered, because too general. *Cases cited.*

Before WATTS, J., Marion, April, 1896. Affirmed.

Action by Caroline Weatherly against T. C. Covington and Robert Webster, constable, for possession of certain personal property held by the. constable. Defendants demurred upon the ground that the complaint does not state facts sufficient to constitute a cause of action, and submitted three specifications, all of which were overruled by Circuit Judge in a short order. Defendants appeal.

*Mr. W. J. Montgomery*, for appellants. *No citation on point decided.*

*Messrs. Johnson & Johnson*, contra, cite: *On point decided:* 30 S. C., 170; 43 S. C., 99; 44 S. C., 484, 364, 335; 46 S. C., 184; 47 S. C., 78.

Oct. 23, 1897. The opinion of the Court was delivered by MR. JUSTICE JONES. The complaint in this case was for the recovery of the possession of personal property, and

damages for unlawful taking and detention thereof. A demurrer was interposed, on the ground that the complaint did not state facts sufficient to constitute a cause of action, which was overruled by the Circuit Court.

Appellants except thereto as follows: "Because it is respectfully submitted that his Honor, Judge Watts, erred in overruling the demurrer to plaintiff's complaint, thereby holding that it stated facts sufficient to constitute a cause of action against the defendants."

Respondent insists that this exception can not be considered, because too general. We so hold. *State* v. *Turner*, 18 S. C., 103; *McDaniel* v. *Stokes*, 19 S. C., 61; *Cureton* v. *Stokes*, 20 S. C., 583; *Talbott & Sons* v. *Padgett*, 30 S. C., 99; *Sims* v. *Jones*, 43 S. C., 91; *Marshall* v. *Creel*, 44 S. C., 485, and many other cases.

The judgment of the Circuit Court is affirmed.

MR. CHIEF JUSTICE McIVER, *concurring*. I concur in the conclusion that the exception upon which this appeal is based, is too general to require the consideration of this Court. Rule V. of this Court declares that "An exception for the purpose of an appeal must contain a statement of the proposition of law or fact which it is desired to review." In *Talbott & Sons* v. *Padgett*, 30 S. C., at page 170, this Court used the following language, which is quoted with approval in *Sims* v. *Jones*, 43 S. C., 99: "The object of exceptions is a very important one. It is to bring to the attention of the Court the precise question of law or fact involved, and desired to be reviewed. To do this effectually and definitely, something more must be stated than merely an occurrence or order or decree below, objected to as erroneous. The grounds of the alleged error must be presented in a direct and positive form, and especially if it be a legal error complained of, the principle of law alleged to be violated, must be stated." Again, in *Marshall* v. *Creel*, 44 S. C., at page 485, this Court, after stating the first three exceptions, used this language: "It is very man-

ifest that the first three grounds are entirely too general to
call for any consideration at the hands of this Court.    They
might, for all practical purposes, be embraced in a single
exception, because the Circuit Judge erred in not sustaining
the defense of payment set up by the answer; and surely
such an exception would not be entitled to be considered
by this Court.    No specific error is pointed out, *and these
exceptions would involve the necessity of retrying the case*
upon the testimony upon which it was heard by the Circuit
Judge.    This, certainly, is not to be expected of an appel-
late tribunal." The language which I have italicized in
the foregoing quotation, it seems to me, furnishes a good
test as to whether an exception is too general.    If it is so
framed as to involve the necessity of retrying the case as it
was presented to the Circuit Judge, then it is too general
for consideration, but if any specific error is pointed out,
then the question whether such error exists must be con-
sidered by this Court.    Testing this case by this rule, and
in the light of the cases above cited, to which many others
of like character might be added, it seems clear that the
exception in this case, which is set out in the opinion of
Mr. Justice Jones, is too general.    The sole question sub-
mitted to the Circuit Judge was whether the facts stated in
the complaint were sufficient to constitute a cause of action,
and by the exception error is imputed to the Circuit Judge
in general terms, in holding that the facts stated in the
complaint were sufficient to constitute a cause of action.
No specific error is pointed out in the exception, and in
order to determine the only question presented by this ex-
ception, it would be necessary for this Court to retry the
case as presented to the Circuit Judge.    The exception
points to no specific defect in the statement of facts con-
tained in the complaint, and alleges no specific error on the
part of the Circuit Judge in overlooking or disregarding
any supposed defect in the allegations of the complaint.
On the contrary, the exception, as framed, leaves this Court
to grope in the dark through the whole complaint, in order

to ascertain whether there is any defect in the statement of facts therein contained. It is true that appellants, in their demurrer, did state, as required by the third paragraph of the 18th Rule of the Circuit Court, the three grounds upon which the statements in the complaint were claimed to be deficient, but the exception, for the purposes of this appeal, fails to indicate upon which of these three grounds the appellants rely in their motion before this Court, and, therefore, this Court is left, just as the Circuit Judge was, to consider all three of these grounds—that is, to consider the whole case *de novo*.

This Court is always averse to deciding cases upon what may be regarded by some as technical grounds; yet, when parties litigant demand their rights (as has been done in this case), based upon the rules and decisions of this Court, such demand must be respected. I think, therefore, that the judgment of the Circuit Court must be affirmed.