ELKINS v. SOUTH CAROLINA AND GEORGIA R. R. CO.

1. EXCEPTION, that the complaint alleges a cause of action, and his Honor erred in sustaining the demurrer and dismissing the complaint, is too general for consideration.
2. APPEAL—DEMURRER.—This Court cannot consider on appeal whether respondent complied with Rule 18 of C. C., by submitting grounds of demurrer in writing, where the "Case" does not show that such question was made before the Circuit Court.

Before TOWNSEND, J., Barnwell, fall term, 1899. Affirmed.

Action for negligent killing by Susan T. Elkins, administratrix of Marion Varn, against South Carolina and Georgia

Railroad Co.   From order sustaining defendant's demurrer to complaint, plaintiff appeals.

*Messrs. Davis & Best* and *R. C. Holman,* for appellant. *No citations on point decided.*

*Messrs. B. L. Abney* and *Jos. W. Barnwell,* contra, cite: *On point decided:* 51 S. C., 55; 18 S. C., 103; 19 S. C., 61; 20 S. C., 583; 30 S. C., 99; 43 S. C., 91; 44 S. C., 485.

September 18, 1900.   The opinion of the Court was delivered by

MR. CHIEF JUSTICE McIVER.   This is an appeal from the judgment of the Circuit Court, sustaining a demurrer, based upon the ground that the complaint does not state facts sufficient to constitute a cause of action.   The plaintiff bases her appeal upon a single exception, which is couched in the following language: "That the complaint alleges a cause of action, and his Honor erred in sustaining the demurrer, and in dismissing the complaint."

The counsel for respondent takes the position that this exception is too general, and that, under the settled rule, the exception cannot be considered.   This, therefore, presents the first question to be determined.   The case of *Weatherly v. Covington,* 51 S. C., 55, cited by counsel for respondent, conclusively settles this question.   As was indicated in *Marshall v. Creel,* 44 S. C., at page 485, and expressly suggested in the separate opinion in *Weatherly v. Covington, supra,* a good test whether an exception is too general is to inquire whether it is so framed as to involve the necessity of retrying the whole case just as it was presented to the Circuit Judge.   Subjecting this case to that test, it is very manifest that the exception here is entirely too general. It simply makes the general question whether the facts stated in the complaint are sufficient to constitute a cause of action, without pointing out or even indicating any specific error committed by the Circuit Judge, which this Court is asked to

correct, leaving this Court to grope in the dark through the whole complaint, in order to ascertain whether there is any defect in the statement of facts therein contained. This, certainly, ought not to be expected of an appellate tribunal. If it should be said that the "Case" does not show that the respondent complied with the requirement of Rule 18 of the Circuit Court, that the specific grounds upon which the demurrer rested should be pointed out, a sufficient answer would be that it does not appear that any such question was either raised or passed upon by the Circuit Judge, and hence this Court cannot consider it. Besides, in the absence of any showing to that effect in the "Case," this Court would have no right to assume that a party has disregarded the rules of Court. We must, therefore, hold under the authority of the case of *Weatherly v. Covington,* which has been recognized in at least two recent cases—*Willoughby* v. *Railroad Company,* 52 S. C., 166, and *McGhee* v. *Wells,* 52 S. C., 472—that the exception is too general in this case, and cannot be considered.

While this Court is always averse to deciding cases upon what may be regarded by some as technical grounds, yet when parties litigant demand their rights (as has been done in this case), based upon the rules and decisions of this Court, such demand must be respected. We may add, however, that we are the less reluctant to apply the well settled rule in this case, as the Circuit Judge has, very properly, allowed the plaintiff to amend her complaint, whereby she will not lose the opportunity of having her case tried upon the merits.

The judgment of this Court is, that the judgment of the Circuit Court be affirmed, with leave to the plaintiff to amend her complaint, as allowed by the Circuit Judge, at any time within twenty days after the filing of the remittitur in the Circuit Court.