17623

FRUEHAUF TRAILER COMPANY, Respondent, v. Richard P. McELMURRAY, Appellant

(113 S. E. (2d) 756)

*Ryan L. Scott, Esq.,* of Columbia, *for Appellant,*

*Messrs. Turner, Padget & Graham,* of Columbia, *for Respondent,*

March 7, 1960.

TAYLOR, Justice.

This appeal comes from the Court of Common Pleas for Richland County wherein the plaintiff sought to foreclose a conditional sales contract covering a produce trailer purchased by the defendant from the plaintiff. The sole exception, as stated by the defendant (Appellant), is that:

"The Court erred in granting plaintiff's motion to strike defendant's Answer as sham, frivolous, and irrelevant and awarding plaintiff judgment on the pleadings; the assigned error being the Court granted plaintiff's motion made upon that ground."

The defendant by way of answer contends that the plaintiff canceled the insurance on the trailer without the knowledge or consent of the defendant, received the refund thereon rightfully due the defendant and accepted insurance money

from the defendant, and failed to reinsure the trailer prior to its destruction by collision as it was authorized to do under the conditional sales contract, all of which amounted to a waiver of the remedy of foreclosure on the conditional sales contract.

Plaintiff contends that the matters involving the insurance coverage on the trailer are not relevant to the issue of plaintiff's right to recover the balance of the purchase money due and owing to plaintiff by the defendant. Plaintiff further contends that the provisions of the conditional sales contract expressly negate any obligation on plaintiff's part to keep the trailer insured, and that destruction of the trailer was not a release of the defendant from his contract obligation.

The plaintiff moved to strike the answer as sham, frivolous and irrelevant and to have judgment on the pleadings. This motion was heard before the Honorable G. Duncan Bellinger and was granted in his Order dated July 16, 1959.

The exception presented in this appeal is entirely too general, vague and indefinite to be considered by this Court and does not comply with Supreme Court Rule 4, Section 6, which states:

"Each exception must contain a concise statement of one proposition of law or fact which this Court is asked to review, and the same assignment of error should not be repeated. Each exception must contain within itself a complete assignment of error, and a mere reference therein to any other exception then or previously taken, or request to charge will not be considered. * * *"

In the case of *Brady v. Brady*, 222 S. C. 242, 72 S. E. (2d) 193, 194, this Court said:

"We have held in many cases that every ground of appeal ought to be so distinctly stated that the court may at once see the point which it is called upon to decide without having to 'grope in the dark' to ascertain the precise point at issue. Rules of the Supreme Court, Rule 4, Sec. 6; *Gordon v. Rothberg*, 213 S. C. 492, 50 S. E. (2d) 202; *Pate v. C.*

*I. T. Corporation,* 199 S. C. 244, 19 S. E. (2d) 107; *Elkins v. South Carolina & G. R. Co.,* 59 S. C. 1, 37 S. E. 20." *Hewitt v. Reserve Life Insurance Company,* S. C., 110 S. E. (2d) 852.

The object of an exception is to present some distinct ■ principle or question of law which the Appellant claims to have been violated by the Court in the trial of the case from which the appeal is taken, and to present it in such form that it may be properly reviewed. *Washington v. Muse,* 150 S. C. 414, 148 S. E. 227; *Hewitt v. Reserve Life Insurance Company, supra.*

In accordance with the foregoing, we are of opinion that Appellant's exception is too general, vague and indefinite to be considered, that this appeal should be dismissed; and it is so ordered.

STUKES, C. J., and OXNER, LEGGE and MOSS, JJ., concur.