18086

FCX COOPERATIVE SERVICE, INC., Respondent, v. E. W. BRYANT, Appellant

(131 S. E. (2d) 702)

512

*Messrs. Julius B. Aiken* and *J. Wiley Brown,* of Green-
ville, *for Appellant,*

*Messrs. William I. Bouton* and *Leatherwood, Walker,
Todd, & Mann,* of Greenville, *for Respondent,*

June 26, 1963.

BRAILSFORD, Justice.

This is an action for the unpaid portion of the purchase price of certain chickens, feed and other supplies sold and delivered by plaintiff to the defendant during the period April 7, 1959, through December 15, 1959, pursuant to a written contract between the parties. The defendant admitted certain allegations of the complaint, denied others and counterclaimed for damages for alleged breach of the contract under which the sales and deliveries were made.

The action was tried in County Court of Greenville County and resulted in a verdict for plaintiff by direction of the court. After motions for judgment notwithstanding the verdict or for a new trial had been overruled, the defendant appealed to this court on twenty-two exceptions.

The appeal having been perfected and docketed for argument at the March, 1959, term, the respondent served notice to dismiss upon the ground that the appellant has failed to comply with Rule 4, Section 6, in the preparation of his exceptions and has failed to comply with Rule 8, Sections 2, 3 and 7 in the preparation of his brief.

Manifestly, appellant has violated both the letter and spirit of these rules to such an extent as to unduly burden opposing counsel and the court.

Rule 8, Section 2 requires that a statement of the questions involved shall be set forth on the first page of appellant's brief, in the briefest and most general terms, never exceeding one page unless absolutely required. Contrary to this rule, appellant has stated 19 questions, many of them repetitious, which comprise pages 5, 6 and 7 of his brief.

The brief ignores the requirement of Section 3 of Rule 8 that the specific exception alleged to raise the point considered under each subdivision of the brief shall be stated. With 22 exceptions and 19 questions, this omission has made it most difficult to determine the issues involved. We would be justified in granting plaintiff's motion to dismiss. However, we have searched the record and find that none of the exceptions contains a meritorious assignment of error respecting an issue which was raised by the pleadings, presented to the lower court and preserved for review here. In stating our reasons for this conclusion, we now refer to the exceptions.

Exceptions I, XXI and XXII all charge error in directing a verdict for plaintiff; exception I, upon the ground that more than one issue could be drawn from the testimony; exception XXI, because the credibility of the testimony was for the jury alone; and exception XXII, because the evidence would support a verdict in favor of defendant on his counterclaim. None of these exceptions points out any issue of fact which appellant claims should have been submitted to the jury. They leave the court to search the entire record and are too general to be considered.

Exception II is based upon the theory that the action was upon a written contract and that there was a material variance between allegation and proof. It raises no issue for review here for a number of reasons, including the fact that the point was not presented to nor passed upon by the lower court.

Exceptions III, IX and XI are all based upon the theory that the action is to recover a deficiency judgment after private sale of property covered by a chattel mortgage. No such issue was raised by the pleadings or presented to the trial court. The trial court held that the action was "to collect an account" and no exception was taken. The agreed statement characterizes the action as one to recover the purchase price for chickens, feed and other supplies sold and delivered.

Exception IV complains of the exclusion of the testimony of one Stewart "in connection with the reasonable value of the feed sold and delivered" to defendant; the error being that the value of the feed was in issue under the pleadings. The exception is not supported by the record. The trial court ruled that such testimony was admissible under the pleadings but excluded that of Stewart on different grounds. Furthermore, the witness was examined along five or six different lines, with some objections being sustained and others overruled. In the light of the record, the exception is too general to be considered.

Exceptions V, VI and VII all complain of error in excluding from evidence a receipt for $500.00 issued by plaintiff to the defendant which was not reflected as a credit by the itemized statement of account. These exceptions are without merit. There was a prior transaction between the parties which involved a running account. The date on the receipt, which is an original exhibit, was affixed with some type of stamp and is indistinct. However, the numerals 1 9 59 are quite discernible. Relying upon a smudge in front of the numeral 1, defendant offered the receipt as being dated 11

9 59. However, he refused to testify as to the date of the payment represented by the receipt, or that it represented a payment on the account in controversy. Without some such testimony, there was nothing to connect the receipt and it was properly excluded.

Exception XII again complains that the court erred in excluding evidence as to the health and condition of the chickens delivered to the defendant, upon the ground that such evidence was competent under the pleadings. As has been stated in disposing of Exception IV, the court so ruled. The assignment of error is not supported by the record.

Exception VIII charges that the court erred in holding "that the written contract or mortgage in question had been waived," the error being that there was no testimony to support such a ruling. We have searched the record for the ruling complained of without result. The point is argued in plaintiff's brief in the most general terms. So far as we can determine, the exception is not supported by the record. Furthermore, this exception, like others already disposed of, is apparently based on the erroneous theory that the action was on the written contract or chattel mortgage.

Exception X charges that the court erred in construing the answer as an admission of the correctness of the itemized statement of account attached to the complaint. The answer was so construed by the trial court, with the apparent acquiescence of defendant's counsel, except for his claim to credit for the $500.00 already referred to. At any rate, there was no effort to dispute the correctness of the account in any other respect and it was properly proved by the introduction of the invoices on which the deliveries had been made.

Exception XIII charges that the court erred "in cutting off defense Counsel's re-cross examination of one of Plaintiff's witnesses, holding that such examination is limited to matters in reply." This exception is without merit. It is argued in the brief as an abstract proposi-

tion without any effort to show prejudice or abuse of discretion.

We come now to the final group of exceptions, numbers XIV through XX, all of which charge that the Court erred "in directing a verdict based in part upon" some alleged error committed during the trial. The error assigned by these exceptions is not supported by the record because, properly construed, the direction of a verdict rested upon the ground that no issue of fact for the jury was raised by the testimony.

This disposes of all of the exceptions without the necessity of passing upon plaintiff's motion to dismiss the appeal.

Affirmed.

TAYLOR, C. J., and MOSS, LEWIS and BUSSEY, JJ., concur.