### 18441

Larry John SOLLEY, Jr., by his Guardian *Ad Litem,* Appellant, v. Eunice Edna WEAVER, Respondent

(146 S. E. (2d) 164)

*Messrs. Patrick J. Doyle* and *Rosen & Rosen,* of George-
town, *for Appellant,*

*Messrs. McCaskill & Thompson,* of Conway, *for Respond-
ent,*

*Messrs. Patrick J. Doyle* and *Rosen & Rosen,* of George-
town, *for Appellant, in Reply,*

January 3, 1966.

*Per Curiam:*

This is an action brought by Larry John Solley, Jr.,
through his guardian *ad litem,* the appellant herein, against
Eunice Edna Weaver, the respondent herein, to recover
damages for personal injuries he sustained on December 8,
1963, as a result of an automobile collision in the City of
Georgetown, South Carolina. It is alleged that the injuries
to the said appellant were caused by the negligent, careless,
reckless, willful and wanton manner in which the respondent
operated her automobile. At the conclusion of the testimony
in behalf of the appellant, the Trial Judge granted a nonsuit
on the ground that there was no proof of any act of negli-
gence on the part of the respondent which operated as a

proximate cause of the injuries to the appellant. This is an appeal from the order of the Trial Judge.

The sole exception, as stated by the appellant, is that:

"The Court erred in granting Defendant's Motion for nonsuit because there was more than one reasonable inference properly deducible from the testimony of negligence on the part of the Defendant."

Under the rules of this Court, the appeal herein must be dismissed. The foregoing exception is entirely too general, vague and indefinite to be considered. It does not comply with Rule 4, Section 6, of this Court, which provides:

"Each exception must contain a concise statement of one proposition of law or fact which this Court is asked to review, and the same assignment of error should not be repeated. Each exception must contain within itself a complete assignment of error, * * *."

We have held in many cases that every ground of appeal ought to be so distinctly stated that the Court may at once see the point which it is called upon to decide without raving to "grope in the dark" to ascertain the precise point at issue. The object of an exception is to present some distinct principal or question of law which the appellant claims to have been violated by the Court in the trial of the case from which the appeal is taken, and to present it in such form that it may be properly reviewed. *Hewitt v. Reserve Life Ins. Co.,* 235 S. C. 201, 110 S. E. (2d) 852; *Fruehauf Trailer Co. v. McElmurray,* 236 S. C. 141, 113 S. E. (2d) 756.

It has been held that an exception requiring a review of all the evidence is too general to be considered. *Marshall v. Creel,* 44 S. C. 484, 22 S. E. 597; *Weatherly v. Covington,* 51 S. C. 55, 28 S. E. 1; *Elkins v. South Carolina & G. R. R. Co.,* 59 S. C. 1, 37 S. E. 20. In the *Elkins case,* this Court said:

"* * * a good test whether an exception is too general is to inquire whether it is so framed as to involve the necessity of retrying the whole case just as it was presented to the circuit judge. Subjecting this case to that test, it is very manifest that the exception here is entirely too general."

In the case of *FCX Co-op Service, Inc. v. Bryant,* 242 S. C. 511, 131 S. E. (2d) 702, Justice Brailsford, speaking for this Court said:

"Exceptions I, XXI and XXII all charge error in directing a verdict for plaintiff; exception I, upon the ground that more than one issue could be drawn from the testimony; exception XXI, because the credibility of the testimony was for the jury alone; and exception XXII, because the evidence would support a verdict in favor of defendant on his counter-claim. None of these exceptions points out any issue of fact which appellant claims should have been submitted to the jury. They leave the court to search the entire record and are too general to be considered."

It is our conclusion that since the exception here points out no specific issue of fact which appellant claims should have been submitted to the jury, the exception is too general to be considered.

Appeal dismissed.

TAYLOR, C. J., did not participate.