18450

Frederick A. BOYER, Appellant, v. LOFTIN-WOODARD, INC., Respondent

(146 S. E. (2d) 606)

*Wilburn C. Gable, Jr., Esq.,* of *Watkins, Vandiver, Kirven & Long,* of Anderson, *for Appellant,*

*Messrs. Paul K. Rogers,* of Anderson, and *J. Pat Miley,* of Walhalla, *for Respondent,*

January 28, 1966.

*Per Curiam:*

This is an action brought by Frederick A. Boyer, the appellant herein, against Loftin-Woodard, Inc., the respondent herein, to recover damages to his tractor-trailer truck, it being alleged that such was proximately caused by the negligence and recklessness of the respondent in causing a defect in and to the surface of a highway in Oconee County by the continuous crossing thereof with its caterpillar tractors and other heavy equipment. It is then alleged that the appellant was operating his tractor-trailer truck over and along said highway and that he struck the said defect in the highway, causing his vehicle to go out of control and overturn down an embankment, with resulting damage thereto. The respondent, by its answer, denied that it was negligent or reckless as set out in the complaint and alleged affirmatively that the damage to the tractor-trailer of the appellant was the result of his own contributory negligence and recklessness.

This case came on for trial before the Honorable W. L. Rhodes, Jr., Presiding Judge, and a jury, at the 1963 September term of the Court of Common Pleas for Oconee County. At appropriate stages of the trial, the respondent moved for a nonsuit and a directed verdict on the ground that the appellant had failed to prove actionable negligence on the part of the respondent, its agents or servants. These motions were refused and the case was submitted to the jury, resulting in a verdict in favor of the appellant for actual

damages. After the verdict was returned the respondent moved for judgment *non obstante veredicto*. This motion was granted upon the ground that the appellant had failed to prove actionable negligence on the part of the respondent. This appeal followed.

The exceptions of the appellant to this Court are as follows:

"1. His Honor, the trial judge, erred in granting defendant's motion for a judgment *non obstante veredicto,* the error being that under the evidence a reasonable inference can be drawn that the negligence and recklessness on the part of the defendant was the direct and proximate cause of the accident.

"2. His Honor, the trial judge, erred in granting defendant's motion for a judgment *non obstante veredicto,* the error being that it is not necessary under the testimony and evidence to build inference upon inference in order to establish the liability of the defendant.

"3. His Honor, the trial judge, erred in granting defendant's motion for a judgment *non obstante veredicto,* the error being that testimony and evidence raised a reasonable inference that the plaintiff's damages were due to the negligence and recklessness of the defendant and, viewed in the light most favorable to the plaintiff, presented a question of fact for the jury to decide."

Under the rules of this Court, the appeal herein must be dismissed. The foregoing exceptions are entirely too general, vague and indefinite to be considered. They do not comply with Rule 4, Section 6, of this Court which provides:

"Each exception must contain a concise statement of one proposition of law or fact which this Court is asked to review, and the same assignment of error should not be repeated. Each exception must contain within itself a complete assignment of error, * * *."

We have held in many cases that every ground of appeal ought to be so distinctly stated that the Court may at once see the point which it is called upon to

decide without having to "grope in the dark" to ascertain the precise point at issue. The object of an exception is to present some distinct principle or question of law which the appellant claims to have been violated by the Court in the trial of the case from which the appeal is taken, and to present it in such form that it may be properly reviewed. *Hewitt v. Reserve Life Ins. Co.,* 235 S. C. 201, 110 S. E. (2d) 852; *Fruehauf Trailer Co. v. McElmurray,* 236 S. C. 141, 113 S. E. (2d) 756.

It has been held that an exception requiring a review of all the evidence is too general to be considered. *Marshall v. Creel,* 44 S. C. 484, 22 S. E. 597; *Weatherly v. Covington.* 51 S. C. 55, 28 S. E. 1; *Elkins v. South Carolina & G. R. R. Co.,* 59 S. C. 1, 37 S. E. 20. In the *Elkins case,* this Court said:

"* * * a good test whether an exception is too general is to inquire whether it is so framed as to involve the necessity of retrying the whole case just as it was presented to the circuit judge. Subjecting this case to that test, it is very manifest that the exception here is entirely too general."

The case of *Causey v. South Carolina Farm Bureau Mut. Fire Ins. Co.,* 240 S. C. 116, 124 S. E. (2d) 777, was one to recover for the loss of a barn under a fire policy. At the conclusion of all of the testimony, the Trial Judge directed a verdict in favor of the respondents for the amount of the policy coverage. On appeal to this Court it was asserted "[t]hat the Court erred in granting respondents' motion for directed verdict". The appeal was dismissed upon the ground that the exception was too general to be considered.

In the case of *F C X Co-op. Service, Inc. v. Bryant,* 242 S. C. 511, 131 S. E. (2d) 702, this Court said:

"Exceptions I, XXI and XXII all charge error in directing a verdict for plaintiff; exception I, upon the ground that more than one issue could be drawn from the testimony; exception XXI, because the credibility of the testimony was for the jury alone; and exception XXII, because the evidence

would support a verdict in favor of defendant on his counter-claim. None of these exceptions points out any issue of fact which appellant claims should have been submitted to the jury. They leave the court to search the entire record and are too general to be considered."

We conclude that the appeal in this case should be dismissed because the exceptions failed to comply with Rule 4, Section 6, of this Court.

Appeal dismissed.