18700

C. P. WREN, Respondent, v. KIRKLAND DISTRIBUTING COMPANY, Inc., Appellant

(156 S. E. (2d) 865)

*J. Donald Scott, Esq.,* of Columbia, *for Appellant,*

*Messrs. Smith & Rawls,* of Lexington, and *Robinson, Mc-Fadden & Moore,* of Columbia, *for Respondent,*

September 7, 1967.

LITTLEJOHN, Justice.

On or about January 24, 1964, as a result of an advertisement placed in "The Georgia Market Bulletin" by the respondent, a farmer who lived in Georgia, the appellant agreed to purchase and the respondent agreed to sell 1200 one-hundred-pound bags of millet for an agreed price of $6.00 per bag, or a total of $7,200.00. It was agreed that the appellant was to pick up the sacks of millet in Wren, Georgia, within thirty days.

The appellant paid $1,000.00 to the respondent, to be held and applied to the final delivery. The appellant sent a truck to Georgia and obtained 120 sacks early in March, 1964, and paid $720.00 by check therefor. On March 19, 1964, appellant picked up 250 sacks and left a check for $1,500.00 in payment for the same.

Later appellant stopped payment on the check, made certain deductions, took credit for the $1,000.00 deposit and sent the respondent a check representing what the appellant conceived to be the difference, and thereby abandoned the contract and sent for no more seed. A total of $2,136.00 was paid.

Respondent brings this action to collect $5,000.00 alleged to be due by reason of a breach of contract to purchase the millet seed. Kirkland, answering the complaint, admits the contract and interposes a general denial of liability, alleging that the respondent breached the contract by failing to properly sack and properly tag the bags in which the seed was sold. Appellant further answers by setting forth a counterclaim, praying for $3,000.00 and alleging damages as a result of respondent's refusing to ship the balance of the seed due as contracted for.

The trial judge directed a verdict against the appellant on the counterclaim and submitted the issues raised by the conplaint and the general denial in the answer to the jury, which awarded a five-thousand-dollar verdict.

Counsel for appellant moved before the presiding judge for a new trial on the grounds that the trial judge refused to charge Section 1571 of Title 7 of the United States Code, and Section 3 of the Rules and Regulations of the Georgia Department of Agriculture; the motion was denied.

The case is now before this court on four exceptions. The first exception alleges error "in not ordering a new trial on the grounds that the trial Judge directed a verdict for the Respondent on Appellant's counterclaim, striking said counterclaim from consideration by the jury, when there was introduced sufficient unimpeached testimony to warrant consideration of the counterclaim to the jury."

Counsel for respondent attacked this exception on the ground that the same is "too general, vague and indefinite to be considered by this Court, because the exception contains no issue of fact upon which the counterclaim should have been submitted to the jury," as required by Supreme Court Rule 4, Section 6. We are of the opinion that the position of respondent's counsel on this point should be sustained. The numerous cases cited in the annotation of the Supreme Court rules under this Rule and Section sustain this position. See *Solley v. Weaver,* 247 S. C. 129, 146 S. E. (2d) 164.

Exceptions 2 and 3 allege error on the part of the trial judge in refusing to charge Section 1571 of Title 7 of the United States Code, and in refusing to charge Section 3 of the Rules and Regulations of the Georgia Department of Agriculture.

The transcript of record shows that counsel handed up to the judge some requests to charge, which were refused, but the contents of the requests to charge do not appear in the record and, accordingly, the same can-

not be reviewed by this court. *Romanus v. Biggs,* 214 S. C. 145, 51 S. E. (2d) 503. At no time was the court asked to take judicial notice of either the United States statute or the Georgia rule, and reference to the secton and rule first appeared, and then by number only, in the motion for a new trial and in the exceptions.

The fourth exception alleges error on the part of the trial judge in "not ordering a new trial on the ground that the trial judge erred in charging to the jury that it was not necessary under Georgia law for a farmer to affix to containers of seed the results of germination and purity tests, after the trial judge had refused to charge the jury the applicable law as requested by the Appellant."

Reference to the record will show that the motion for a new trial did not include this ground; and since this issue was not made before the trial judge, we cannot say that he erred by failing to grant the motion.

Let the judgment of the lower court be

Affirmed.

Moss, C. J., and Lewis, J., concur.

Bussey and Brailsford, JJ., concur in result.

Brailsford, Justice (concurring).

I agree that the judgment appealed from should be affirmed. However, the opinion of Justice Littlejohn seems to overrule Exceptions 2 and 3 upon the ground that the record fails to show that either Section 1571, Title 7, U. S. C. A. or Section 3 of the Rules and Regulations of the Georgia Department of Agriculture was invoked by the defendant at the trial. In my judgment, the statement of the case sufficiently identifies this statute and regulation as the subject matter of the requests to charge which were refused by the court.

I would overrule Exception 2 on the ground that the statute, which the court refused to charge, imposed no duty upon Wren. The statute applies only to one who transports

or delivers for transportation in interstate commerce any agricultural seed. Wren's delivery of seed to Kirkland in Georgia was not for transportation to South Carolina. Instead, the delivery was in partial execution of the Georgia contract of sale between the parties. After delivery, Wren had no interest in what disposition should be made of the seed by Kirkland.

I would overrule Exception 3 upon the ground that the defendant failed to either plead or prove the regulation which the court refused to charge. Hence, it was not entitled to the requested instruction.

While I do not dissent from the proposition that Exception 1 is so vague and indefinite that defendant is not entitled to have it considered by this court, I would prefer to overrule the exception on the merits. This can soundly be done by pointing out that the record is barren of evidence tending to establish that defendant sustained any damage as alleged in the counterclaim.