20163

Carl J. WILLIAMS, Administrator of the Estate of Anita Faye
Williams, Appellant, v. Laurence J. REGULA, Respondent.

(222 S. E. (2d) 7)

*C. D. Hopkins, Jr., Esq.,* of North Charleston, *for Appellant.*

*Arthur G. Howe, Esq.,* of *Uricchio, Howe & Krell,* Charleston, *for Respondent.*

February 3, 1976.

GREGORY, Justice:

This is a wrongful death action brought by appellant as Administrator of the Estate of Anita Faye Williams, deceased, pursuant to Section 10-1951, *et seq.* of the Code of Laws of South Carolina, 1962, as amended. Respondent's motion for an involuntary nonsuit was granted and this appeal followed. We dismiss.

Carl J. Williams, the intestate's father, leased from respondent and occupied a trailer home with his five (5) children, including the deceased. Metal steps and a landing with handrails were attached at the front door. An outside, or porch light, was grounded to the bottom of the metal steps. The ground wire which passed near the handrail was frayed and had been previously repaired by tape. Difficulties with the light prompted appellant to twice complain to respondent that the cable, or porch light wiring was bad. The intestate was electrocuted upon exiting the trailer barefooted in the rain.

The complaint was founded in *tort* and alleged that the death was a direct and proximate result of the negligence and recklessness of the respondent in creating and allowing to continue a dangerous and deadly lighting appliance. At the conclusion of the testimony in behalf of the appellant the trial judge granted an involuntary nonsuit on the ground that the premises were in the exclusive possession and control of the tenant and the landlord was not liable in *tort* under the law applicable to this relationship, citing as authority for his ruling the case of *Timmons v. Williams Wood Products Corporation,* 164 S. C. 361, 162 S. E. 329, and the case of *Sheppard v. Nienow,* 254 S. C. 44, 173 S. E. (2d) 343.

The sole exception, as stated by the appellant, is as follows: "It is respectfully submitted that the Court made a reversible error in nonsuiting the appellant."

This exception is too general. It requires this Court to consider all of the testimony presented to the circuit judge. It has been repeatedly held that an exception such as this violates Rule 4, Section 6 of the Supreme Court rules which provides:

"Each exception must contain a concise statement of one proposition of law or fact which this Court is asked to review, and the same assignment of error should not be

repeated. Each exception must contain within itself a complete assignment of error, * * *."

The case of *Solley v. Weaver*, 247 S. C. 129, 146 S. E. (2d) 164 points out the reason for and object of an exception:

"We have held in many cases that every ground of appeal ought to be so distinctly stated that the Court may at once see the point which it is called upon to decide without having to 'grope in the dark' to ascertain the precise point at issue. The object of an exception is to present some distinct principle or question of law which the appellant claims to have been violated by the Court in the trial of the case from which the appeal is taken, and to present it in such form that it may be properly reviewed. *Hewitt v. Reserve Life Ins. Co.*, 235 S. C. 201, 110 S. E. (2d) 852; *Fruehauf Trailer Co. v. McElmurray*, 236 S. C. 141, 113 S. E. (2d) 756."

An exception which requires this Court to review all of the evidence and retry the whole case is too general to be considered. Such is the vice of the single exception advanced in this case. *Marshall v. Creel*, 44 S. C. 484, 22 S. E. 597; *Weatherly v. Covington*, 51 S. C. 55, 28 S. E. 1; *Elkins v. South Carolina & Georgia R. R. Co.*, 59 S. C. 1, 37 S. E. 20; *Solley v. Weaver, supra.*

Appeal dismissed.

LEWIS, C. J., and LITTLEJOHN, NESS and RHODES, JJ., concur.