20731

LARRY'S WHEEL AND RIM, INC., Appellant, v. CITIZENS & SOUTHERN NATIONAL BANK of South Carolina, Respondent.

(246 S. E. (2d) 860)

*N. Heyward Clarkson, III,* of *Rainey, McKay, Britton, Gibbes & Clarkson,* Greenville, *for appellant.*

*Larry Estridge,* of *Wyche, Burgess, Freeman & Parham,* Greenville, *for respondent.*

August 1, 1978.

RHODES, Justice:

On this appeal from an order of the lower court sustaining a demurrer to its complaint, the appellant has listed the following exceptions: (1) The trial judge erred in his order by sustaining the demurrer to the complaint and dismissing the complaint with prejudice; (2) the trial judge erred in failing to allow the plaintiff an opportunity to replead and serve an amended complaint; and (3) the trial judge erred in holding that the facts set forth in the complaint were not sufficient to constitute a cause of action against the defendant. Finding that these exceptions do not comply with Rule 4, Section 6 of the Rules of Practice of this Court, we dismiss the appeal.

Rule 4, Section 6 provides, in part, that "[e]ach exception must contain a concise statement of one proposition of law or fact which this Court is asked to review . . ." The appellant's exceptions fail in this respect. They are vague, general, and fail to state any concise propositions for our review. The exceptions state merely that the lower court erred in its holding without specifying any basis in support of the conclusion that the court erred. There being no specifications as to the errors alleged, there is nothing before us for review. *Odom v. County of Florence,* 258 S. C. 480, 189 S. E. (2d) 293 (1972).

Appeal dismissed.

LEWIS, C. J., and NESS, J., concur.

LITTLEJOHN and GREGORY, JJ., dissent.

LITTLEJOHN, Justice (dissenting):

I respectfully dissent and would reverse the lower court.

The complaint, which the lower court dismissed, reads as follows:

"The plaintiff, complaining of the defendant, would respectfully show unto the Court:

1. The plaintiff is a corporation organized and existing under the laws of the State of South Carolina. The defendant upon information and belief, is a corporation organized under the laws of the United States but doing business in Greenville County, South Carolina.

2. On September 18, 1975 the plaintiff issued its check no. 1106 in the amount of Two Thousand Five Hundred Three and 20/100 ($2,503.20) Dollars payable to the order of Prestex which the plaintiff understood to be a division of Exxon Chemical Division, Inc., a corporation. The aforesaid check was delivered to a person who represented himself to the plaintiff as an agent of Prestex Division, Exxon Chemical Division, Inc.

3. That upon information and belief the individual who obtained the said check presented it to the Citizens and Southern National Bank, Columbia, South Carolina on September 19, 1975 for payment. That in exchange for the check drawn by the plaintiff, the defendant issued its cashier's check no. 102422 to the person who presented the check and debited the plaintiff's account in the amount of the check.

4. That the said defendant failed to obtain the endorsement of the named payee, Prestex and unlawfully debited the plaintiff's account in the amount of Two Thousand Five Hundred Three and 20/100 ($2,503.20) Dollars. Upon information and belief the defendant unlawfully failed to determine the identity of the person who presented the check or his alleged relation to the named payee, if any.

5. That upon information and belief, the named payee, Prestex, was a fictitious entity which never received the proceeds of the check.

6. The plaintiff is informed and believes that it is entitled to be reimbursed by the defendant for the amount of the check, Two Thousand Five Hundred Three and 20/100 ($2,503.20) Dollars illegally debited from its account, plus interest from September 18, 1975.

WHEREFORE, the plaintiff demands judgment against the defendant in the amount of Two Thousand Five Hundred Three and 20/100 ($2,503.20) Dollars plus interest from September 18, 1975 and for the costs and expenses of this action."

The lower court held . . . "that Plaintiff's Complaint fails to state a cause of action on which relief can be granted under the laws of this state."

The exception addressed to this court challenges the correctness of the ruling in verbage as follows:

"The trial judge erred in holding that the facts set forth in the Complaint were not sufficient to constitute a cause of action against the defendant."

In my view the exception sufficiently points out the alleged error on the part of the lower court. It is not the office of the exception to detail the contention of counsel. That is the office of the brief.

The complaint in effect alleges that the defendant-bank paid out the plaintiff-depositor's money without so much as requiring an endorsement or ascertaining to whom payment was made. I do not think that it can be said, as a matter of law, that the bank has discharged its duty to its depositor. It is at least a matter of fact for determination by the court in a trial conducted in the usual fashion.

I would reverse, but if a reversal is not in order, permission should be granted plaintiff to replead.

GREGORY, J., concurs.