## 21141

Mirtis E. NEWTON, Respondent, v. Doris N. BOGGS, Administratrix of the Estate of Samuel W. Newton, and Doris N. Boggs, Individually, Appellant.

(262 S. E. (2d) 741)

*Sanders & Deal,* Clemson, *for appellant.*

*Finley, Ponder & Warlick,* Pickens, *for respondent.*

February 5, 1980.

NESS, Justice:

This is an appeal from an order directing appellant-administratrix, Doris N. Boggs to either bring previously conveyed property into hotchpot [1] or to transfer the remaining assets in the estate to respondent, Mirtis E. Newton. We affirm.

---

[1] Hotchpot—"The blending and mixing property belonging to different persons, in order to divide it equally." Black's Law Dictionary, page 872.

Respondent and appellant are the daughters and sole heirs at law of Samuel W. Newton. During his lifetime, he conveyed a 1.17 acre tract to appellant and a 16.91 acre tract to appellant and her husband.

Respondent petitioned the probate court to require appellant to bring the land into hotchpot and to disclose the assets of the estate remaining in her possession. The master recommended respondent's petition be granted and the trial court concurred.

Appellant first asserts the master and trial court erred in concluding interest conveyed to her husband constituted an advancement to her. We disagree.

A conveyance to a child's spouse may be deemed an advancement to the child. See Annot., 26 A. L. R. 1106, 1155 1923); 26A C. J. S. Descent and Distribution § 95(b)(4) p. 779; 3 Am. Jur. (2d), Advancements, §§ 23-24 p. 19-20. In an equity matter in which the master and trial court concur on a factual finding, this Court's review is limited to determining whether the finding lacks evidentiary support or is against the clear preponderance of the evidence *Immanuel Baptist Church of North Augusta v. Barnes,* Op. No. 21109, filed 1/8/80; *Townes Associates, Ltd. v. City of Greenville,* 266 S. C. 81, 221 S. E. (2d) 773 (1976). We hold the clear preponderance of the evidence supports the finding that the *inter vivos* conveyance to appellant's husband constituted an advancement as to her.

Appellant next asserts the trial court erred in requiring respondent to either bring all the land advanced to her by her father into hotchpot or transfer all the remaining assets of the estate in her possession to respondent. This is without merit. The recipient of an advancement has two options: (1) bring the value of the property advanced into hotchpot; or (2) be barred from sharing further in the estate. *Hamer v. Hamer,* 23 S. C. Eq. (4 Strob. Eq.) 124 (1850). These are the very options available to appellant under the trial court's order.

Appellant next asserts the master erred in admitting testimony by respondent and appellant's husband concerning the value of the land in issue. This is without merit. As noted in *City of Spartanburg v. Laprinakos,* 267 S. C. 589, 595, 230 S. E. (2d) 443, 444-445 (1976).

"It is universally recognized that opinion testimony of a nonexpert who has sufficient knowledge of the value of the property in question, or who has ample opportunity for forming a correct opinion of it, is admissible . . .. Whether a witness is properly qualified is a question primarily addressed to the sound discretion of the trial judge, and his ruling will not be reversed in the absence of a showing that he has abused that discretion."

The witnesses, though not experts, lived on the land. Accordingly, the master did not abuse his discretion is allowing them to testify to its value.

As appellant's remaining exception is without merit, we affirm.

Affirmed.

LITTLEJOHN and GREGORY, JJ., concur.

LEWIS, C. J., and RHODES, J., concur in result.

RHODES, Justice (concurring):

I concur in the result reached by the majority opinion. However, I am of the view that this appeal should be dismissed by reason of appellant's failure to comply with Rule 4, Section 6 of the Rules of Practice of this court in framing the proposed exceptions.

Rule 4, section 6 provides in part that "[e]ach exception must contain a concise statement of one proposition of law or fact which this court is asked to review. . . . Each exception must contain within itself a complete assignment of error . . .." Appellant's exceptions are vague, general, and fail to state any concise propositions for our review. The exceptions, similar to those in the case of *Larry's Wheel and*

*Rim, Inc. v. Citizens & Southern Nat. Bank,* 271 S. C. 198, 246 S. E. (2d) 860 (1978), state merely that the lower court erred in its holding without specifying any basis in support of the conclusion that the court erred. Rule 39, Form 2 of the Rules of Practice of this court provides a clear example of the manner in which exceptions should be framed. Every ground of appeal ought to be so distinctly stated that the court may at once see the point which it is called upon to decide, without having to "grope in the dark" to ascertain the precise point at issue. *Boyer v. Loftin-Woodward, Inc.,* 247 S. C. 167, 146 S. E. (2d) 606 (1966).

For the foregoing reasons, I would dismiss the appeal.

LEWIS, C. J., concurs.