1059

Elaine K. HUDSON, Appellant v. Thomas K. HUDSON, Respondent.
(363 S. E. (2d) 387)

Court of Appeals

*Cheryl Turner Hopkins,* Florence, *for appellant.*

*James M. Saleeby,* Darlington, *for respondent.*

Heard Nov. 18, 1987.

Decided Dec. 7, 1987.

SHAW, Judge:

Appellant-wife, Elaine K. Hudson, initiated this action against respondent-husband, Thomas K. Hudson, seeking a divorce on the ground of adultery and requesting further relief. In a final hearing, the family court denied the divorce, finding adultery had not been proved, but ruled on all other marital issues. The wife appeals from the court's order dividing marital assets, denying attorney's fees and costs and granting rehabilitative alimony. We affirm.

While this court has jurisdiction in equity matters to find facts based on its own view of the evidence, it is not required to disregard findings of the trial judge

who is in a better position to evaluate. *Allen v. Allen,* 287 S. C. 501, 339 S. E. (2d) 872 (Ct. App. 1986).

The wife first argues the trial court erred in failing to award her attorney's fees. We need not address this issue as the wife waived attorney's fees at oral argument.

Next, the wife claims the trial court erred in failing to award periodic alimony. No exception specifically raises this issue. The wife contends a liberal view of one of her exceptions would allow the court to consider this issue. The wife's second exception alleges the trial court erred and abused its discretion when it failed to award her "attorney's fees, costs or other disbursements." She argues "other disbursements" should be liberally construed to include periodic alimony. We disagree.

The purpose of an exception is to present some distinct principle of law which the appellant claims has been violated by the court below, to point out some specific error complained of and to present it in such form and manner that the point at issue may be readily recognized and properly reviewed. *Odom v. County of Florence,* 258 S. C. 480, 189 S. E. (2d) 293 (1972). Every ground of appeal ought to be so distinctly stated that the court may at once see the point upon which it is to decide without having to "grope in the dark" to ascertain the precise point at issue. *Boyer v. Loftin-Woodard, Inc.,* 247 S. C. 167, 146 S. E. (2d) 606 (1966). An issue will not be considered on appeal where it is argued in appellant's brief, but not supported by an exception.

The wife further contends the trial court erred in failing to award her an interest in the husband's profit sharing plan. Retirement plans are not subject to equitable distribution where the employer is the sole contributor. *Smith v. Smith,* 280 S. C. 257, 312 S. E. (2d) 560 (Ct. App. 1984). The wife testified at trial the employer was sole contributor to the plan.

The wife now argues the plan is a voluntary contributory savings plan and thus should have been divided as marital property. She complains of insufficient evidence in the record for the court to make a determination and asks for a remand of this issue. We disagree.

The wife has the burden as the petitioner seeking an equitable distribution to come forward with evidence supporting her claim. She cannot sit back at trial without offering proof and then complain of the insufficiency of the evidence on appeal. *Honea v. Honea*, 292 S. C. 456, 357 S. E. (2d) 191 (Ct. App. 1987). We therefore hold the trial court did not err in failing to award the wife a share in the husband's profit sharing plan.

Finally, the wife contends the trial court erred in  failing to cure a mortgage arrearage on the marital home. No such request was made by the wife at trial. Where a point has not been decided by the lower court, we will not consider it on appeal. *Timms v. Timms*, 286 S. C. 291, 333 S. E. (2d) 74 (Ct. App. 1985). We also find no abuse of discretion in the failure of the trial judge to include the cure of arrearage as a part of the wife's equitable distribution award.

For the foregoing reasons, the order of the family court is affirmed.

Affirmed.

SANDERS, C. J., and CURETON, J., concur.