1982

Martha Anderson HUNT, Respondent v. Jefferson Davis HUNT, III, a/k/a Jeff D. Hunt, Jr., and Jeff Hunt Machinery Company, Appellants.

(428 S.E. (2d) 899)

Court of Appeals

*W. Thomas Vernon,* of *King & Vernon,* Columbia, *for appellants.*

*Harvey L. Golden* and *C. Dixon Lee,* Columbia, *for respondent.*

Submitted Feb. 24, 1993.

Decided March 22, 1993.

SHAW, Judge:

Appellant-husband, Jefferson Davis Hunt, III, appeals from a Qualified Domestic Relations Order which found respondent-wife, Martha Anderson Hunt, was entitled to earnings on a portion of the husband's pension from the date of the decree awarding the wife a portion of the pension. We affirm.

The issue before us on appeal is who should receive earnings on a portion of the husband's pension awarded to the wife as part of the equitable division of marital property in a divorce decree, pending appeal of that decree. As a part of the equitable distribution of marital property, the trial judge in the divorce trial ordered as follows:

> ... and within 60 days of the date when this Decree becomes final, Mr. Hunt shall do the necessary things to arrange for Mrs. Hunt the additional sum of $94,856.34 to be paid to Mrs. Hunt from the pension fund under a Qualified Domestic Relations Order....

The divorce decree was entered on March 18, 1988 and both parties appealed. Both parties generally appealed the equitable distribution award but neither party specifically appealed the issue of division of the pension. The Supreme Court in a memorandum opinion affirmed the equitable distribution and other issues, but modified the order to increase alimony.

A hearing was held and the issue raised as to who would receive the earnings on the wife's portion of the pension during the pendency of the appeal. The husband argued the effective date upon which the wife's interest in the pension should begin accruing earnings for her benefit is 60 days from the date on which the divorce order became final, which was not until July 20, 1990, the date the Supreme Court issued its order. The wife, on the other hand, argues the trial judge intended the wife to receive the earnings on her portion of the pension as of the date of the divorce order in March 1988 and to allow the husband to receive these earnings would be unjust.

The trial judge ruled as follows:

> I agree with [the wife] that she should be the beneficiary of the earnings on her interest in the subject plan from the date of the Final Decree of Divorce—March 15, 1988. To hold otherwise would unjustly enrich the [husband].

On appeal, the husband argues the lower court erred in awarding the wife any earnings from the date of the divorce decree. He first contends that, because the wife was the primary appellant in the appeal from the divorce decree, and because she was not successful in her appeal of the equitable distribution award, she is akin to a judgment creditor and therefore is not entitled to any earnings, as an unsuccessful judgment creditor is not entitled to interest. This argument was not raised before nor ruled upon by the trial judge. Neither is there any evidence of a Rule 59(e), SCRCP motion made by the husband. Accordingly, this argument is not preserved on appeal. *See Hudson v. Hudson*, 294 S.C. 166, 363 S.E. (2d) 387 (Ct. App. 1987) (where a point has not been decided by the lower court, we will not consider it on appeal). Further, we find the argument meritless, as the record clearly shows the division of the pension itself was not an issue before the Supreme Court. Regardless of whether the wife was designated the primary appellant in the previous appeal, the Supreme Court's decision in that matter did not affect her right to the previously awarded pension share. Therefore, she was not an "unsuccessful judgment creditor" in any sense.

The husband also asserts the judgment was not final on March 15, 1988 and that, pursuant to the decree, the earnings should be calculated "from sixty days from the date of the decision by [the Supreme Court] on the first appeal," which would be September 18, 1990. The trial judge specifically rejected this argument stating, "when the Final Decree of Divorce became 'final' is a question which legal scholars can debate to no end." He based his decision not on the finality of the divorce decree, but on the theory of equity. Implicitly, he found the order of divorce intended the wife to receive the benefits accruing from her portion of the pension from the date the order was issued. The husband does not argue against the "unjust enrichment" ruling. Neither has he made a motion to reconsider his "finality of judgment" argument under Rule 59(e).

For the foregoing reasons, the order below is affirmed.

Affirmed.

GARDNER and BELL, JJ., concur.