THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR
 RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2),
 SCACR.
THE
 STATE OF SOUTH CAROLINA
In
 The Court of Appeals

 
 
 
 The State, Respondent,
 
 
 

v.

 
 
 
 Johnny Mahaffey, Appellant.
 
 
 

Appeal
 From Anderson County
 J.
 C. "Buddy" Nicholson, Jr., Circuit Court Judge

Unpublished
 Opinion No.  2011-UP-494  
 Heard
 September 14, 2011  Filed November 7, 2011

AFFIRMED

 
 
 
 Chief
 Appellate Defender Robert M. Dudek, of Columbia, for Appellant.
 Attorney
 General Alan Wilson, Chief Deputy Attorney General John W. McIntosh, Assistant
 Deputy Attorney General Donald J. Zelenka, Assistant Attorney General Melody
 Brown, all of Columbia; and Solicitor Christina Adams, of Anderson, for
 Respondent.
 
 
 

PER
 CURIAM: Johnny Mahaffey appeals his conviction for murder and possession of a firearm
 during the commission of a violent crime and sentence of life imprisonment plus
 five years to run consecutively.  On appeal he argues (1) the trial court erred
 in denying his right to recross-examine the State's expert medical examiner,
 Dr. Brett Woodard, (2) the trial court erred in allowing the State to use a
 demonstrative prop containing the victim's photograph, and (3) the trial court
 erred in denying Mahaffey's motion for a mistrial after the victim's mother
 held a photograph of the victim to her chest and coughed to attract the
 attention of jurors during the jury charge.  We affirm.
1.  In
 order to warrant a new trial, the defendant must demonstrate the trial court's
 ruling was both erroneous and prejudicial.  See State v. China,
 312 S.C. 335, 342, 440 S.E.2d 382, 386 (Ct. App. 1993) (finding defendant's
 assignment of error in trial court's refusal to allow recross-examination
 unpreserved when proffer of testimony was not in record and therefore could not
 establish prejudice); FCX Coop. Serv., Inc., v. Bryant, 242 S.C. 511, 516-17,
 131 S.E.2d 702, 704 (1963) (finding issue regarding limitation of recross-examination
 without merit when defendant failed to establish prejudice or abuse of
 discretion).  We find no prejudice in the trial court's refusal to allow
 recross-examination of Dr. Woodard regarding his opinion on self-defense when
 Mahaffey did not pursue self-defense as a trial strategy and did not request a
 self-defense charge at the close of trial.[1]
2. At
 oral argument, counsel conceded he could not attest or demonstrate with
 certainty in the record that a demonstrative prop containing the victim's
 photograph was actually used at trial.  Therefore, we deem this issue abandoned
 as there is no factual underpinning to support any legal argument.  See State
 v. Wise, 33 S.C. 582, 590, 12 S.E. 556, 557-58 (1891) (stating an exception
 based on a misapprehension of the facts was properly abandoned). 
3. With
 respect to Mahaffey's motion for mistrial based on the conduct of the victim's
 mother, the trial court questioned jurors to determine any prejudicial impact
 and replaced one juror with an alternate as a result of that process.  After
 these curative steps were taken, Mahaffey failed to object to the curative
 measures or to renew the motion for a mistrial.  Therefore, we find this issue
 to be unpreserved for our review.  See State v. George, 323 S.C.
 496, 510, 476 S.E.2d 903, 912 (1996) ("No issue
 is preserved for appellate review if the objecting party accepts the judge's
 ruling and does not contemporaneously make an additional objection to the
 sufficiency of the curative charge or move for a mistrial.").
AFFIRMED.
FEW,
 C.J., and THOMAS and KONDUROS, JJ., concur.

[1] The
 circumstances of each case are different and require the exercise of judicial
 discretion in determining whether further examination of a witness is proper.